Albert Earle SMITH–BEY, Appellant,

v.

Clair A. CRIPE, General Counsel,
Bureau of Prisons, et al.

No. 88–5008.

United States Court of Appeals,
District of Columbia Circuit.

July 29, 1988.

Albert Earle Smith–Bey, pro se.

Before WALD, Chief Judge, MIKVA and EDWARDS, Circuit Judges.

Opinion for the Court filed by Circuit Judge MIKVA.

MIKVA, Circuit Judge:

Appellant Albert Earle Smith–Bey appeals from the district court order *sua sponte* dismissing his complaint for failure to execute service of process under Rule 4(j) of the Federal Rules of Civil Procedure and failure to prosecute pursuant to Rule 211 of the Rules of the United States District Court for the District of Columbia. For the reasons stated below, we vacate the district court's órder and remand the case for further consideration.

### I. BACKGROUND

Smith–Bey is an inmate at the United States Penitentiary in Leavenworth, Kansas. On January 23, 1987, Smith–Bey filed a *Bivens* action in the district court, claiming that various prison guards and officials had violated his constitutional rights. *See*

*Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). On February 10, 1987, Smith–Bey filed a motion for appointment of counsel; the motion was denied by the district court that same day. Smith–Bey who consequently was proceeding *pro se* and *in forma pauperis,* did not file a motion to have the United States marshals serve process pursuant to Federal Rule of Civil Procedure 4(c)(2)(B)(i) and, as a result, the defendants were not served. On September 25, 1987, the district court *sua sponte* dismissed the action without prejudice for failure to execute service of process and failure to prosecute. This appeal followed.

## II. DISCUSSION

### A. *Service of Process*

■ Federal Rule of Civil Procedure 4(j) provides in pertinent part:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion....

Fed.R.Civ.P. 4(j). Under Rule 4(j), dismissal on the court's initiative can be ordered only with "notice" to the plaintiff. *See Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir.1985); *United States for Use and Benefit of Deloss v. Kenner General Contractors, Inc.,* 764 F.2d 707, 710 (9th Cir.1985). *See also* 128 Cong.Rec. H9848, H9850, H9852 (Dec. 15, 1982), *reprinted in* 96 F.R.D. 116, 119, 122, *and in* 1982 U.S.Code Cong. & Ad. News 4434, 4441, 4445–46 (section-by-section analysis by Rep. Edwards) ("If dismissal for failure to serve is raised by the court on its own motion, the legislation requires that the court provide notice to the plaintiff.... The plaintiff must be notified of an effort or intention to dismiss the action.").

When the plaintiff has had an adequate opportunity to argue good cause for the failure to serve, such as in a motion for reconsideration, some circuits have held that a warning by the trial court prior to dismissal is not required. *See Ruiz Varela v. Sanchez Velez,* 814 F.2d 821, 823 (1st Cir.1987); *Whale v. United States,* 792 F.2d 951, 952 (9th Cir.1986). In both *Ruiz Varela* and *Whale,* the courts concluded that the lack of notice prior to dismissal was not dispositive since it did not prejudice the plaintiff in any way. *Ruiz Varela,* 814 F.2d at 823; *Whale,* 792 F.2d at 952.

In the case before us, the district court erred in dismissing Smith–Bey's suit under Rule 4(j) for failure to effect service. Smith–Bey was neither actually nor constructively on notice as to the impending *sua sponte* dismissal. Unlike the plaintiffs in *Ruiz Varela* and *Whale,* Smith–Bey was prejudiced by the district court's failure to provide notice. Smith–Bey did not move for reconsideration and he did not have any opportunity to show good cause why such service had not been made within the 120–day time period required under the federal rules. These factors, combined with his *pro se* status, lead us to conclude that the district court's dismissal pursuant to Rule 4(j) was improper.

### B. *Failure to Prosecute*

■ The district court also relied on its own Local Rule 211 to sustain dismissal for failure to prosecute. That rule provides:

> A dismissal for failure to prosecute may be ordered by the court upon a motion by an adverse party, or upon the court's own motion. An order dismissing a claim for failure to prosecute shall specify that the dismissal is without prejudice, unless the court determines that the delay in prosecution of the claim has resulted in prejudice to the opposing party.

D.D.C. Rule 211. Local Rule 211 essentially embodies the standard of Rule 41(b) of the Federal Rules of Civil Procedure, which allows a district court to dismiss an action for failure to prosecute. *See* Fed.R.Civ.P. 41(b) ("For failure of the plaintiff to prosecute or to comply with these rules or any

order of court, a defendant may move for dismissal of an action or of any claim against the defendant."). *See also Link v. Wabash R.R.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962) (Rule 41(b) expressly recognizes the district court's inherent power to dismiss for failure to prosecute.). This court has recognized that a delay in service of process amounting to failure to prosecute is an issue properly addressed under Rule 41(b). *See Hobson v. Wilson*, 737 F.2d 1, 45–46 (D.C.Cir.1984), *cert. denied*, 470 U.S. 1084, 105 S.Ct. 1843, 85 L.Ed.2d 142 (1985). Dismissal under Rule 41(b) for delay in service of process is appropriate, however, only when there is no reasonable probability that service can be obtained. *Novak v. World Bank*, 703 F.2d 1305, 1310 (D.C.Cir.1983). A lengthy period of inactivity may also be enough to justify dismissal under Rule 41(b). *See Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 312 (2d Cir.1986); *Cherry v. Brown–Frazier–Whitney*, 548 F.2d 965, 969 (D.C. Cir.1976). "This is particularly true if the plaintiff has been previously warned that he must act with more diligence, or if he has failed to obey the rules or court orders, or if he has no excuse for the delay, or if there are other factors aggravating the inaction." 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2370, at 205–07 (1971).

■ Given the circumstances in this case, neither the delay in service of process nor the eight months of inactivity warrants dismissal under Rule 41(b) for failure to prosecute. The eight months of inactivity between the time the court denied Smith–Bey's motion for appointment of counsel and the *sua sponte* dismissal does not, in and of itself, warrant dismissal pursuant to Rule 41(b). As previously mentioned, the district court dismissed the action without affording *pro se* Smith–Bey either an opportunity to show cause or to explain why the suit should not be dismissed for inactivity. Dismissal under these circumstances is unduly severe. *See Sykes v. United States*, 290 F.2d 555, 557 (9th Cir.1961) (dismissal for approximately seven months of inactivity constituted an abuse of discretion where there was no evidence of intent

to abandon the case). *See also Alley v. Dodge Hotel*, 501 F.2d 880, 883 (D.C.Cir. 1974), *cert. denied*, 431 U.S. 958, 97 S.Ct. 2684, 53 L.Ed.2d 277 (1977) (District courts "must yield consideration to the fact that ... *pro se* litigant[s] [are] untrained in the law." (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972))).

■ Moreover, in situations such as this, where a plaintiff is proceeding *pro se*, is incarcerated, and has been granted permission to proceed *in forma pauperis*, the district court should take steps to ensure that the plaintiff is given no less procedure than if he were proceeding with counsel. *See Brandon v. District of Columbia Board of Parole*, 734 F.2d 56, 58 (D.C.Cir. 1984), *cert. denied*, 469 U.S. 1127, 105 S.Ct. 811, 83 L.Ed.2d 804 (1985) (" '[W]hen a viable complaint is filed *in forma pauperis*, the pauper must be treated like all other litigants in the decision to dismiss.' " (quoting *McTeague v. Sosnowski*, 617 F.2d 1016, 1019 (3d Cir.1980))). *Cf. Sills v. Bureau of Prisons*, 761 F.2d 792, 794 (D.C. Cir.1985) ("We have consistently held that § 1915(d) may not be utilized to 'shortcircuit' ... the claims of litigants who, had they not been indigent, would have been permitted to continue with the action."). This is particularly so where, as in the instant case, it is probable that service could yet be obtained if it were accomplished by the United States Marshal Service pursuant to Federal Rule of Civil Procedure 4(c)(2)(B)(i).

### III. Conclusion

The district court erred in failing to provide Smith–Bey with notice prior to *sua sponte* dismissing the action for failure to effect service under Rule 4(j) and thus for failure to prosecute his claims. The decision of the district court therefore is vacated and the case is remanded for further proceedings consistent with this opinion.