**AIRLINES REPORTING CORPORATION,**
**Plaintiff,**

v.

**GRECIAN TRAVEL, INC., George Tsapelas, and Mannan Bepari, Defendants.**

**No. 93–CV–5472 (JRB).**

United States District Court, E.D. New York.

Oct. 23, 1995.

Bennett H. Last, Gilbride, Tusa, Last & Spellane, New York City, for plaintiff.

Linda F. Fedrizzi, Ginsberg & Fedrizzi, Flushing, NY, for George Tsapelas.

BARTELS, District Judge.

*MEMORANDUM–DECISION
AND ORDER*

Plaintiff Airlines Reporting Corporation ("ARC") moves to strike defendant George Tsapelas's ("Tsapelas") answer, pursuant to Rules 16(f) and 37(b)(2) of the Federal Rules of Civil Procedure ("Federal Rules"), for failure to appear at a deposition, failure to respond to a request for document production, and failure to respond to interrogatories before December 12, 1994 as required by this Court's pretrial scheduling order dated October 28, 1994.

*Background*

ARC instituted the above-captioned action seeking to recover over $1,500,000 in monies allegedly owed under an agreement entered into with defendant Grecian Travel, Inc. ("Grecian"), Tsapelas, and defendant Mannan Bepari ("Bepari"). After Grecian failed to answer the complaint, by order dated October 27, 1994, this Court entered a default judgment against Grecian. The judgment ordered Grecian to pay damages, including interest, costs, and attorneys' fees, and referred the matter to Magistrate Judge Gold to conduct an inquest on the amount of damages. After reviewing evidence in support of damages submitted by ARC and unopposed by Grecian, Magistrate Gold, by report and recommendation dated July 7, 1995, recommended that this Court enter judgment in favor of ARC in the amount of $1,538,848. On July 31, 1995, after neither party filed any objections to the recommendations contained in Magistrate Gold's report, this Court ordered recovery for ARC from Grecian, in the amount of $1,538,848, plus interest. At that time, the Court reserved judgment on the issue of plaintiff costs and attorneys' fees, pending proof evidencing the amount expended by ARC in prosecuting this action. By letter dated September 8, 1995 ARC's attorney advised the Court that ARC will not pursue the award of attorney fees against Grecian and thus the Court need not address this issue.

The Court issued an October 28, 1994 pretrial scheduling order requiring discovery to be completed by December 12, 1994. On November 8, 1994 ARC served Tsapelas with interrogatories, a request for document production, and notice of deposition. ARC requested Tsapelas to respond to the interrogatories and request for document production within thirty days, or by December 8, 1994, and scheduled Tsapelas's deposition for December 9, 1994. On January 6, 1995, after Tsapelas failed to respond or attend the scheduled deposition, ARC submitted the instant motion, complete with supporting memorandum, to strike Tsapelas's answer pursuant to Federal Rules 16(f) and 37(b)(2), or in the alternative, to preclude Tsapelas from testifying at trial, as well as cite Tsapelas for contempt and assess attorneys' fees and costs of this motion. After this Court granted extensions, Tsapelas filed an affirmation in opposition to ARC's motion dated January 25, 1995, though it submitted no memorandum of law in support of the opposition.

Tsapelas attached responses to the November 8, 1995 interrogatories and request for production of documents to his affirmation in opposition. Neither response was signed. The affirmation, signed by Tsapelas's attorney, Jerome Ginsberg, asserted that the delay in responding to ARC's discovery requests was not "intentional or contemptuous" because "[my] office had much difficulty contacting the defendant in that said defendant was the client of my former partner, KERRY KATSORHIS, who has left this firm to become Sheriff of the City of New York. Once we could communicate with Mr. Tsapelas we were able to respond to the discovery requests." (Affirmation in Opposition at 1–2)

The affirmation also states, somewhat tautologically, that if Tsapelas's attorneys' office had received notice of the deposition, someone would have placed a notation in the daily calendar and because no notation was in the calendar, they must not have received the notice. Additionally, Tsapelas's attorney states that if ARC's attorney had called to confirm the deposition, the mistake would have been discovered.

ARC's reply affidavit alleges several material deficiencies in Tsapelas's late responses to discovery, including, in ¶ 7 *et seq.*, that the

information supplied is incomplete and untruthful.

## Discussion

### I. The Papers

The contentions contained in Tsapelas's affirmation in opposition to the motion signed by Jerome Ginsberg strain the Court's credulity. An examination of the New York Times reveals that Mayor Giuliani appointed Mr. Katsorhis sheriff on June 2, 1994 (Jesse McKinley, *F.Y.I.*, N.Y. Times, Nov. 27, 1994 § 13, at 2) and that Mr. Katsorhis resigned as sheriff on April 27, 1995 (*Disaffected, Official to Quit*, N.Y. Times, Apr. 28, 1995, at B5).

The papers in this case show that Tsapelas filed his answer on February 28, 1994, more than three months before Mr. Katsorhis's appointment as sheriff, but that a partner in the firm, Linda F. Fedrizzi, and not Mr. Katsorhis, signed this submission. In fact, Mr. Katsorhis's name does not appear on any of the papers in this case, and Ms. Fedrizzi's appears on all but the opposition to the instant motion. Additionally, Ms. Fedrizzi, not Mr. Katsorhis, appeared at a status conference before this Court and wrote letters to the Court relating to this case, in addition to receiving extensive copies from ARC. In light of these facts, the Court finds Mr. Ginsberg's contentions insincere at best.

### II. The Motion for Sanctions

Federal Rules 16(f) [1] and 37(b)(2) [2] provide for sanctions when a party fails to comply with, *inter alia*, a scheduling order or a discovery order. ARC argues that Tsapelas

violated the Court's October 28, 1994 pretrial scheduling order requiring discovery to be completed by December 12, 1994 by failing to respond to the interrogatories and request for document production before December 12, 1994 and failing to attend his deposition on December 9, 1994. For these failures, ARC argues that this Court should impose sanctions pursuant to Federal Rules 16(f) and 37(b)(2), most significantly by striking Tsapelas's February 28, 1994 answer to ARC's initial complaint.

Tsapelas, in response to the motion for sanctions, attaches the unsigned responses to the interrogatories and request for document production referred to above, both dated January 25, 1995. Additionally, Tsapelas's attorney makes the tautological argument referred to above.

■ Both Federal Rules 16(f) and 37(b)(2) enable, but do not require, this Court to impose sanctions, including those sanctions which ARC seeks. *National Hockey League v. Metropolitan Hockey Club Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976) (per curiam); *Luft v. Crown Publishers Inc.*, 906 F.2d 862, 865 (2d Cir.1990); *Salahuddin v. Harris*, 782 F.2d 1127, 1133 (2d Cir.1986); *Machleder v. Diaz*, 618 F.Supp. 1367, 1377 (S.D.N.Y.1985) *modified on other grounds*, 801 F.2d 46 (2d Cir.1986) *cert. denied*, 479 U.S. 1088, 107 S.Ct. 1294, 94 L.Ed.2d 150 (1987). However, Rule 3(f) [3] of the Civil Rules of the United States District Courts for the Southern and Eastern Districts ("Local Rules") requires that before a party moves for sanctions under Federal Rule 37, the moving party's attorney must file an affidavit certifying that the attorney

1. Federal Rule 16(f) provides, in pertinent part:
   **Sanctions.** If a party or a party's attorney fails to obey a scheduling order ... the judge, upon motion or the judges's own initiative, may make such orders with respect thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

2. Federal Rule 37(b)(2) provides, in pertinent part:
   **Sanctions by Court in Which action is Pending.** If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

....
   (C) An order striking out pleadings or parts of thereof ... against the disobedient party.

3. Local Rule 3(f) provides, in pertinent part:
   No motion [under Rule 37, inter alia, of the Federal Rules of Civil Procedure] shall be heard unless counsel for the moving party files with court at or prior to the argument an affidavit certifying that said counsel has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the court and has been unable to reach such an agreement.

has conferred with opposing counsel and worked in good faith to resolve the issues raised in the motion. *James River Corp. v. Interamerica Trust Co.*, No. 88–cv–9098, 1990 WL 6551, at *3 (S.D.N.Y. Jan. 22, 1990). Here, ARC's attorney makes no such representations in his affidavit, and for this reason ARC's motion is denied regarding ARC's Federal Rule 37(b)(2) argument.

■ The Court's October 28, 1994 order qualifies as a scheduling order of the type contemplated by Federal Rule 16(f). Federal Rule 16(f) clearly permits the Court to impose the sanctions sought by ARC. *Salahuddin*, 782 F.2d at 1133; *Machleder*, 618 F.Supp. at 1377. The imposition of Rule 16(f) sanctions, however, is a matter of judicial discretion. 3 James W. Moore et al., *Moore's Federal Practice* ¶ 16.22 (2d ed.1995). Moreover, " '[d]rastic' penalties, such as dismissal, striking of pleadings, or an award of judgment, 'should be imposed only in extreme circumstances.' " *James River*, 1990 WL 6551, at *2 (quoting *Israel Aircraft Indus., Ltd. v. Standard Precision*, 559 F.2d 203, 208 (2d Cir.1977)). Here, Tsapelas's actions do not quite reach the level where such extreme sanctions should be imposed, and thus the Court denies ARC's motion as to its Federal Rule 16(f) prong.

### III. *Federal Rule 33(b) and Local Rule 3(b)*

The Court is compelled to bring two additional rules to the fore. The first rule, Federal Rule 33(b)[4], requires, *inter alia*, that answers to interrogatories be answered fully, under oath and signed by the attorney making them. As noted above, Tsapelas's answers are deficient in this regard. The second rule, Local Rule 3(b)[5], requires, *inter*

alia, that opposition to a motion, like the motion itself, be accompanied by a memorandum of law. As noted above, Tsapelas's affirmation in opposition is deficient in this regard as well.

■ The Court hereby states that it will tolerate no further deficiencies in either party's papers. Additionally, though the Court now denies ARC's motion in full, the Court will abide with no further delays in this case and will reconsider sanctions if discovery is not fully and completely provided as ordered herein. To this end, Tsapelas's dilatory behavior warrants an order compelling discovery. Therefore, without reaching the merits of the contentions in ¶ 7 *et seq.* of ARC's reply affidavit, it is hereby ordered that Tsapelas comply, completely and truthfully, with ARC's interrogatories and request for document production, dated November 8, 1994 within twenty-one days of the filing of this order as well as submit to deposition within twenty-one days of the filing of this order. If Tsapelas fails to comply with this order, he is warned that his failure will be understood by this Court to be willful and in bad faith, and ARC's instant motion will be entertained in its entirety. *Crown U.S.A., Inc. v. Pinros & Gar Corp.*, No. 90 cv 8052, 1992 WL 367113, at *2 (S.D.N.Y. Nov. 24, 1992).

### IV. *Defendant Bepari*

The Court must address one final issue regarding defendant Bepari. ARC did not serve the summons and complaint upon Bepari within 120 days of filing it on December 2, 1993. Therefore, pursuant to Federal Rule 4(m)[6], the Court, on its own initiative,

---

**4.** Federal Rule 33(b) provides, in pertinent part:

(1) Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent that the interrogatory is not objectionable.

(2) The answers are to be signed by the person making them, and the objections signed by the attorney making them.

**5.** Local Rule 3(b) provides:

Upon any motion the moving party shall serve and file with the motion papers a memorandum setting forth the points and authorities relied

upon in support of the motion divided, under appropriate headings, into as many parts as there are points to be determined. The opposing party shall serve and file with the papers in opposition to the motion and an answering memorandum, similarly divided, setting forth the points and authorities relied upon in opposition. Failure to comply may be deemed sufficient cause for the denial of the motion or the granting of the motion by default.

**6.** Federal Rule 4(m) provides, in pertinent part:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or

dismisses the action without prejudice as to Bepari unless ARC shows good cause for its failure within twenty-one days of the filing of this order. *Smith–Bey v. Cripe,* 852 F.2d 592, 593 (D.C.Cir.1988).

### Conclusion

For the reasons stated above, ARC's motion for sanctions is denied. Tsapelas has twenty-one days from the filing of this order to comply with discovery as noted above. The action as against Bepari is dismissed without prejudice unless ARC shows good cause for its failure to serve the summons and complaint within twenty-one days from the filing of this order.

**SO ORDERED.**

on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.