## TOME ENGENHARIA E. TRANSPORTES, LTDA., Plaintiff–Appellee,

v.

## Sharon MALKI, Defendant–Appellant.

### No. 03–2916.

United States Court of Appeals, Seventh Circuit.

Submitted April 5, 2004.*

Decided April 6, 2004.

Barbara A. Susman, Susman & Associates, Chicago, IL, for Plaintiff–Appellee.

Robert Orman, Chicago, IL, for Defendant–Appellant.

Before BAUER, COFFEY, and ROVNER, Circuit Judges.

### ORDER

Sharon Malki appeals from the district court's denial of her motion under Fed.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

R.Civ.P. 41(b) to dismiss a lawsuit that had been inactive for forty months. We affirm.

This protracted litigation stems from a contract to purchase two forklift trucks that a Brazilian company, Tome Engenharia E. Transportes, Ltda., had entered into with Inter–Marketing Group (IMG), an import/export business that purchases and resells construction equipment. The sole principals of IMG are Sharon Malki and her husband Yves Malki. Sharon is also IMG's sole shareholder, as well as a director and an officer. Through IMG and another entity they controlled, the Malkis fraudulently misrepresented the age and quality of two forklift trucks that Tome purchased–at an inflated price. Tome then filed an action in federal court for breach of contract and fraud against the Malkis, IMG, and several other defendants. In June 1999, the parties consented to a judgment entered against Yves Malki and IMG and in favor of Tome in the amount of $376,000. The court dismissed Sharon Malki from the case, subject to the condition that the action could be reinstated against her if Tome could show that she had materially misstated her assets or that her assets exceeded her liabilities. Apparently, concerns persisted about Sharon's financial condition; the court in a minute order of November 1999 granted Tome's motion to reinstate the lawsuit against her.

Tome asserts that it attempted to enforce the consent judgement over the next several years, pursuing the assets of Yves Malki and IMG–which Tome had argued was an alter ego for the Malkis–in both the United States and Brazil. While seeking to enforce the judgment, Tome discovered that the Malkis had conveyed jointly owned property to an unlikely third party–the daughter of their Brazilian real estate attorney. Tome characterizes this convey-ance as a scheme to hide assets; Sharon, however, attested in her deposition that the conveyance was a pledge for debts owed to the real estate attorney. In any event, Tome says that it turned to the Brazilian court system to try to enforce the judgment, and this process of domesticating the judgment was not completed until late 2002. According to Tome, its enforcement action in the Brazilian court required that it also obtain a judgment specifically against Sharon, necessitating the continued pursuit of the claim against her.

Meanwhile, the claim against Sharon that had been reinstated in November 1999 remained on the district court's docket without further activity. For reasons not explained in the record, in March 2003–some forty months later–the case was "reassigned" by the executive committee of the district court to the calendar of Judge Alaimo. At that point Sharon filed a motion under Rule 41(b) to dismiss the case for failure to prosecute. In her motion, she argued primarily that the forty months of inactivity alone justified dismissal. The court denied the motion without explanation.

Shortly before trial, Sharon Malki informed the court that she would "stand" on her Rule 41(b) motion and not attend the trial, despite several notices by the court and a subpoena to testify. The case proceeded to trial, at which Sharon did not appear. The jury found for Tome and ordered Sharon to pay $950,000 in compensatory damages and $3 million in punitive damages.

On appeal Sharon Malki argues that the district court abused its discretion when it denied her Rule 41(b) motion because Tome's forty-month period of inactivity constituted an "abandonment" that alone required dismissal. Sharon also argues that this delay prejudiced her because her

lawyer would have to spend time to "relearn" the case, and that she could not afford the additional cost necessary to pay the lawyer's expenses. She asserts that her inability to pay her attorney forced her to "stand on her motion" rather than have her case litigated by a lawyer.

The harsh sanction of dismissal for failure to prosecute under Rule 41(b) typically arises in cases where there has been a pattern of delay tactics or contumacious behavior, requiring first that notice be given to the offending party. *See Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003); *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir.1993). But dismissal under Rule 41(b) may also be warranted by a lengthy period of inactivity. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (three-year delay in six-year-old litigation warranted dismissal); *Washington v. Walker*, 734 F.2d 1237, 1238 (7th Cir.1984) (dismissal not an abuse of discretion where case was inactive for four years); *cf. GCIU Employer Retirement Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1199–1200 (7th Cir.1993) (twenty-two months of inactivity did not warrant dismissal under Rule 41(b)); *Gibbs v. Hawaiian Eugenia Corp.*, 966 F.2d 101, 109 (2d Cir.1992) (upholding denial of Rule 41(b) where a case lay dormant for five and a half years); *Smith–Bey v. Cripe*, 852 F.2d 592, 593–94 (D.C.Cir.1988) (neither delay in service of process nor eight months of inactivity warrants dismissal under Rule 41(b)). When deciding whether to dismiss a case for want of prosecution, a district court should take into account the particular circumstances of the case, including the frequency and magnitude of the plaintiff's failure to comply with court deadlines and the resulting prejudice to defendants and the court, as well as the potential merit of the claim. *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir.1998). Our review is deferential to the district court, which has greater familiarity with the parties and the demands of its own calendar. *Ball*, 2 F.3d at 755.

Here Sharon Malki has failed to demonstrate that the court abused its discretion in denying the Rule 41(b) motion, especially given that we favor adjudicating cases on their merits, *see Long v. Steepro*, 213 F.3d 983, 986 (7th Cir.2000). Inactivity alone, even for forty months, does not require dismissal under Rule 41(b). *See, e.g., Gibbs*, 966 F.2d at 109. And to the extent that Sharon now suggests that Tome engaged in contumacious behavior, she waived any such argument by failing to first present it to the district court. *See Belom v. Nat'l Futures Assoc.*, 284 F.3d 795, 799 (7th Cir.2002). In any event, all but one of Sharon Malki's examples of Tome's contumacious behavior–allegedly inappropriate objections to the magistrate judge's recommendations and a violation of a protective order–occurred during the earlier litigation against IMG and Yves Malki; these examples thus bear little relevance on whether Tome was diligently pursuing its claim against her at the time of her motion. *See GCIU*, 8 F.3d at 1201 (noting that "an earlier lack of diligence is not grounds for dismissal when the plaintiff is currently displaying diligence") (internal citation and quotation omitted). During the forty-month period in question, Tome did not actively engage in dilatory tactics, and it missed no court-imposed deadlines. *See Long*, 213 F.3d at 988 (reversing dismissal for failure to prosecute because plaintiff's actions were neither abusive nor contumacious); *GCIU*, 8 F.3d at 1199–1200 (reversing dismissal for failure to prosecute where plaintiffs did not violate any court orders or miss deadlines). Moreover, Tome never received from the district court an explicit warning, as required, that its case verged on dismissal.

*See Grun v. Pneumo Abex Corp.,* 163 F.3d 411, 425 (7th Cir.1998). Finally, to the extent that she argues that the delay prejudiced her by increasing the preparation demands placed on her lawyer (and correspondingly the amount of attorney's fees that she would incur), any additional litigation costs do not constitute prejudice. *See Crossman v. Raytheon Long Term Disability Plan,* 316 F.3d 36, 39 (1st Cir.2002). Nor do we see how she could be prejudiced by her own decision to "stand" on her motion and not attend trial.

Although we AFFIRM the district court's denial of the Rule 41(b) motion, we decline Tome's invitation to impose sanctions because we do not conclude that this appeal is so lacking in merit as to warrant sanctions. *See Lorentzen v. Anderson Pest Control,* 64 F.3d 327, 331 (7th Cir. 1995).