Henri HERNANDEZ, individually and as legal representative of the estate of Eva Hernandez and Ramon Arismende, individually and as legal representative of the estate of Eva Hernandez, Appellants,

v.

NORINCO NORTHERN CHINA INDUSTRIES, INC., et al., Appellees.

No. 04–7002.

United States Court of Appeals, District of Columbia Circuit.

Jan. 21, 2005.

Daniel Wemhoff, Law Office of Daniel Wemhoff, Arlington, VA, for Plaintiffs–Appellants.

Before RANDOLPH, TATEL, and ROBERTS, Circuit Judges.

## JUDGMENT

PER CURIAM.

Upon consideration of the record from the United States District Court for the District of Columbia and the plaintiffs' brief and argument, it is

ORDERED and ADJUDGED that the order from which this appeal has been taken be affirmed.

Plaintiff Henri Hernandez lost his mother to a stray bullet in a gang-related shooting. Alleging that the weapon involved was manufactured by defendant Norinco Northern China Industries, Inc., a Chinese company, and distributed by other United States-based defendants, Hernandez seeks recovery under the District of Columbia's Assault Weapon Manufacturing Strict Liability Act of 1990, D.C.Code § 7–2551.02. Two and a half years after filing his complaint, however, Hernandez had yet to serve any defendant. Accordingly, the district court dismissed his suit against the American defendants for failure to effect service "within a specified time," Fed. R.Civ.P. 4(m), and against Norinco for "failure of the plaintiff to prosecute," Fed. R.Civ.P. 41(b). Hernandez disputes only the latter dismissal.

In a status report required by the district court, Hernandez indicated that he first attempted (unsuccessfully) to obtain waiver of service from Norinco 90 days before May 13, 2002—some nine months

after he filed his complaint. After that, although Chinese authorities caused further delay by rejecting Hernandez's Hague Convention submissions three times for three different reasons, several more months were lost due to what the district court called "wrangling between Plaintiffs and Plaintiffs' counsel" over who should bear costs associated with translating the complaint into Chinese. Given that we review dismissals under Rule 41(b) only for abuse of discretion, *see Gardner v. United States*, 211 F.3d 1305, 1308 (D.C.Cir.2000), and because we have said that "a lengthy period of inactivity ... may be enough to justify dismissal under Rule 41(b)," *Smith–Bey v. Cripe*, 852 F.2d 592, 594 (D.C.Cir.1988), we affirm.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.