# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued October 5, 2007        Decided February 1, 2008

No. 05-5320

HERBERT BROWN,
APPELLANT

v.

DISTRICT OF COLUMBIA, ET AL.,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 04cv02195)

———

*Richard H. Frankel*, appointed by the court, argued the cause for *amicus curiae* in support of appellant. With him on the briefs were *Steven H. Goldblatt*, Director, and *Michael Hass*, *Brendon DeMay*, *Christian D'Avignon-Aubut*, and *Damon Elder*, Student Counsel.

*Herbert Brown*, *pro se*, was on the brief for appellant.

*Mary L. Wilson*, Senior Assistant Attorney General, Office of Attorney General for the District of Columbia, argued the cause for appellees District of Columbia, et al. With her on the brief were *Linda Singer*, Attorney General,

*Todd S. Kim*, Solicitor General, and *Edward E. Schwab*, Deputy Solicitor General.

*Eileen Dennis Gilbride* argued the cause for appellee Corrections Corporation of America. With her on the brief was *Daniel P. Struck*.

*Adele P. Kimmel* was on the brief for *amici curiae* DC Prisoners' Project of the Washington Lawyers' Committee for Civil Rights and Urban Affairs in support of appellant. *Arthur B. Spitzer* and *Deborah M. Golden* entered appearances.

Before: GARLAND and GRIFFITH, *Circuit Judges,* and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* GRIFFITH.

GRIFFITH, *Circuit Judge*: Herbert Brown, a prisoner, claims that his custodians' failure to provide adequate medical care amounted to "cruel and unusual punishment" in violation of the Eighth Amendment. He sued the District of Columbia ("District") and the Corrections Corporation of America ("CCA"), along with former Attorney General John Ashcroft,[1] three high-ranking District officials including the mayor, and several District and CCA employees in their individual capacities.

The district court dismissed Brown's complaint against the District, CCA, and the District officials for failure to state

---

[1] Because a panel of this court has summarily affirmed the district court's dismissal of Brown's claim against the former Attorney General, *Brown v. District of Columbia*, No. 05-5320 (D.C. Cir. May 23, 2006), we do not discuss Brown's claims against Ashcroft.

a claim. We affirm these dismissals in all respects but two. We reverse the dismissal of Brown's claim against the District for the violation of his rights while in the District's prison in Lorton, Virginia. The district court also dismissed Brown's complaint against the District employees and the CCA employees because Brown failed to serve them. We reverse this dismissal, too. Our reasons follow.

## I.

## A.

Brown's complaint alleges a spate of harms, which we must take as true when reviewing the dismissal of his claims.[2] *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). From 1991 through 1997, Brown was incarcerated in the District's Occoquan Correctional Facility in Lorton, Virginia.[3] Although Brown entered the prison in good health, over the next five years his health deteriorated. He experienced severe headaches, constipation, loss of appetite, yellowed eyes, and pains in his chest, stomach, lower back, and penis. Several medical personnel at the prison wrongly diagnosed Brown or ignored his requests for treatment. Because of these failures, Brown suffered an inflamed liver, jaundice, and a medley of other maladies.

Finally, a Dr. Rafford diagnosed Brown with gallstones and ordered his immediate transfer to D.C. General Hospital for treatment. For the next sixty days prison officials failed to

---

[2] Brown filed *pro se* in district court. On appeal he submitted a *pro se* brief and also joined the brief of appointed amicus curiae. All quotations from Brown's filings are reproduced verbatim.

[3] The record is devoid of any information regarding the nature of Brown's crime or the terms of his sentence, neither of which is relevant to our disposition of his appeal.

make the transfer while Brown continued to complain of intense pain. Not until Dr. Rafford saw Brown a second time, made the same diagnosis, and again ordered his immediate transfer did prison officials finally comply. At the hospital, Brown underwent surgery that removed eighteen gallstones blocking his urinary tract. After he returned to the Lorton prison, Brown continued to complain of similar symptoms. Over the next several months, the prison's medical staff again refused to treat him or wrongly diagnosed his condition. In one instance, a medical assistant diagnosed food poisoning and ordered Brown's transfer to a hospital, but prison officials again refused.

In 1997 the District transferred Brown to the Northeast Ohio Correctional Center, a private prison owned and operated by CCA in Youngstown, Ohio that houses inmates for the Federal Bureau of Prisons. There, Brown's experience with inadequate medical care continued. In one instance, a Dr. Mazzi prescribed diabetes medication for Brown without ever examining him. After months of suffering from the medication's ill effects, Brown learned that he did not have the disease. At both the Virginia and Ohio facilities, Brown filed numerous grievances informing prison officials and the District of his plight.

**B.**

In December 2004 Brown filed suit in the United States District Court for the District of Columbia under 42 U.S.C. § 1983, which creates a cause of action against state and local officials for violations of federal rights. The statute reads:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,

> subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. Brown claimed that the District, CCA, and several individuals denied him adequate medical care in violation of the Eighth Amendment. The individual defendants[4] he sought to hold personally liable include three District officials (Odie Washington, Director of the D.C. Department of Corrections; Elwood York, Director of External Confinement in the D.C. Department of Corrections; and Anthony Williams, former mayor of the District of Columbia); six doctors at the Lorton prison (Taylor, Marzban, K. R. Sorem, Ferry, Park, and Easted); and nine employees[5] at CCA's Ohio prison (Mazzi, Willis Gibson, A. Warfield, R. Adams, M. Perryman, A. Sims, J. Bass, B. Goodrich, and J. Cerimele). He served the District and defendants Williams, Washington, and York, but failed to serve the remaining individuals. Although CCA accepted service, it never appeared in district court. The District, along with defendants Williams, Washington, and York, filed a motion to dismiss.

On August 1, 2005 the district court dismissed Brown's action in its entirety. *Brown v. District of Columbia*, No. 04-2195 (D.D.C. Aug. 2, 2005). The court concluded that Brown failed to state a claim against either the District or CCA because his treatment at the hands of various prison doctors did not violate the Eighth Amendment: "Although

---

[4] We use the defendants' names as Brown used them in his complaint.

[5] CCA disputes whether these individuals are employees, but we need not reach this issue.

there may have been delays in rendering treatment, displeasure as to the quality of treatment, or disagreement about the course of treatment, the plaintiff's complaint makes clear that indeed he received treatment. Negligence does not rise to the level of deliberate indifference to a prisoner's serious medical needs." *Id.* at \*5. The court also reasoned that even if Brown had stated an Eighth Amendment violation, he failed to make allegations which, if true, would hold the District liable. His claim against the District, at best, was based on a theory of *respondeat superior*, insufficient under well-established precedent. *Id*. at \*6-7. In addition, the court dismissed the claims against defendants Williams, Washington, and York because Brown failed to allege that these public officials were personally involved in the decisions adversely affecting Brown's rights. *Id*. at \*7. Finally, the court dismissed *sua sponte* the claims against the CCA and District employees because Brown did not serve them. *Id.* at \*4.

Brown appeals the decision in all respects. The district court exercised jurisdiction over this case pursuant to 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. Our review is *de novo*. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002) (dismissal for failure to state a claim); *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 523 (D.C. Cir. 2001) (dismissal for lack of personal jurisdiction). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S. Ct. at 2200. Moreover, "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id*. (internal quotation marks and citations omitted).

**II.**

Brown argues that the district court erred in dismissing his claims against the District for alleged failures of medical care. We agree.

**A.**

A municipality is a "person" subject to suit under 42 U.S.C. § 1983, although its liability is limited. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978). To determine whether a plaintiff can hold a municipality liable under § 1983, we must answer two questions. "First, the court must determine whether the complaint states a claim for a predicate constitutional violation. Second, if so, then the court must determine whether the complaint states a claim that a custom or policy of the municipality caused the violation." *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003) (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992)).

Brown's complaint alleges a violation of the Eighth Amendment's prohibition against "cruel and unusual punishments." U.S. CONST. amend. VIII. The Supreme Court has placed within the ambit of this prohibition "punishments . . . which involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). When a prisoner claims that his custodian has violated the Eighth Amendment by failing to provide adequate medical care, he "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. One example of such "deliberate indifference" is a prison doctor or official who "intentionally den[ies] or delay[s] access to medical care or intentionally interfere[s] with the treatment once prescribed."

*Id*. at 105. A claim of negligence is insufficient. *Id.* at 105-06.

The court must next determine whether the plaintiff has alleged facts sufficient to hold the municipality liable. Under *Monell,* "a local government may not be sued under § 1983 for an injury inflicted by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." 436 U.S. at 694. We have found a number of ways a municipality can adopt a policy or custom that might create liability, *see Baker*, 326 F.3d at 1306; *Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004), only one of which is relevant to Brown's allegations: "the failure of the government to respond to a need . . . in such a manner as to show 'deliberate indifference' to the risk that not addressing the need will result in constitutional violations." *Baker*, 326 F.3d at 1306 (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)). As *Baker* explains, "deliberate indifference is determined by analyzing whether the municipality knew or should have known of the risk of constitutional violations." *Id*. at 1307.

**B.**

Applying the *Monell* analysis, we conclude that Brown's allegations state a claim that the District violated his Eighth Amendment rights at the Lorton prison. Although the task of discerning what constitutes a "serious medical need" under *Estelle* may prove vexing at the margins, Brown's claim gives us no pause. His jeremiad reaches a climax in recounting his experience with gallstones. The intense and often relentless pain that accompanies this condition, and the complications that can follow, easily push Brown's claim into the category of serious medical needs. *See*, *e.g.*, *Toombs v. Bell*, 798 F.2d

297, 298 (8th Cir. 1986) (holding that alleged gallstones constituted a serious medical need). In fact, the government concedes this point. Brief for the District of Columbia at 13 ("Brown's allegation . . . is adequate to state a serious medical need").

Furthermore, Brown claims that prison officials demonstrated "deliberate indifference" to his condition. Although Dr. Rafford diagnosed Brown with gallstones and "ordered [him] to be immediately transfered to the D.C. General Hospital for treatment," Compl. ¶ 17, he "was never transfered . . . and continued to report to the infirmary with complaints of Pain and stomach sickness for an additional (60) sixty days," *id*. ¶ 21. Brown also alleges that "the defendants subjected [him] to an Unnecessary and wanton infliction of pain out of delibrate indifference . . . to his serious medical needs." *Id*. ¶ 38. The government's attempt to style Brown's claim as mere griping about the quality or course of treatment misstates the gravamen of the allegation. After Dr. Rafford notified prison officials of Brown's need for immediate hospitalization, they failed to transfer him for sixty days while he continued to suffer from gallstones. Presented with these claims, we do not hesitate to conclude that Brown alleges an Eighth Amendment violation.

Brown also avers facts sufficient to hold the District liable under *Monell* because he alleges that the District failed to act even though it "knew or should have known of the risk of constitutional violations." *Baker*, 326 F.3d at 1307. Brown claims that he filed numerous grievances, Compl. ¶¶ 36, 42, and that "the District of Columbia sat idly by while the plaintiffs serious medical needs were ignored after

plaintiff had informed them of his medical needs," *id*. ¶ 38.[6] As this court interpreted *Monell* in *Baker*, 326 F.3d at 1306, these allegations are sufficient to state a claim that a custom or policy of the municipality caused the underlying constitutional violation.

Brown should have the chance to prove the case he has sufficiently pled. We therefore reverse the district court's dismissal of Brown's claim against the District for the alleged Eighth Amendment violations that occurred while he was incarcerated at the Lorton facility.[7] We also affirm the district court's dismissal of Brown's claim that the District is liable for the alleged harms committed by CCA because, as we explain in Section IV, his claim against CCA is barred by *res judicata*.

---

[6] Aside from his general claim that "all grievances [have] been exhausted," Compl. ¶ 42, Brown does not expressly state that he informed District officials of his condition during the sixty days after Dr. Rafford first ordered his transfer to the hospital and before prison officials complied with the order. However, construing the plaintiff's complaint liberally as we are required to do on a motion to dismiss and mindful of the Court's instruction to hold a *pro se* complaint to "less stringent standards," *Erickson*, 127 S. Ct. at 2200, we conclude that Brown pleads sufficient knowledge by the District as required by *Baker*. 326 F.3d at 1307.

[7] The complaint alleges several instances in which the District failed to provide Brown medical care at the Lorton facility, which Brown may or may not have intended as separate claims. The district court did not identify distinct claims and neither do we. On remand the court may consider whether Brown raises one or more claims separate from the gallstones claim and then determine in each instance whether Brown states a claim for relief.

**III.**

Brown also claims that Washington, York, and former Mayor Williams are personally liable for the Eighth Amendment violations that occurred from 1995-1997 while he was at the Lorton facility and before he was transfered sometime in 1997 to the CCA facility in Youngstown, Ohio. We affirm the district court's dismissal of these claims.

We take judicial notice of the fact that Williams did not begin his first term of office as mayor until 1999 and Washington received his appointment as Director of the D.C. Department of Corrections that same year, *see* Res. 13-138, Dir. of the Dep't of Corr. Odie Washington Confirmation Resolution of 1999, 46 D.C. Reg. 5517 (June 8, 1999), and accordingly affirm dismissal of the claims against them. *See* FED. R. EVID. 201. Brown also fails to state a claim against York. Under the theory of supervisory liability that Brown asserts, the plaintiff must allege that the official "was responsible for supervising the wrongdoer." *Haynesworth v. Miller*, 820 F.2d 1245, 1262 (D.C. Cir. 1987). Brown only avers, however, that York supervised the care of prisoners "housed in contract facilities." Compl. ¶ 4. The prison in Lorton, Virginia was not a contract facility and therefore we affirm dismissal of the claim against York.

**IV.**

Brown also argues on appeal that the district court erred when it dismissed his claim against CCA for alleged violations that occurred while he was a prisoner at the Northeast Ohio Correctional Facility. These allegations resemble those he makes against the District for failure to provide medical care. We affirm the district court's dismissal

of this claim, although we do so on the ground of *res judicata*, an argument CCA makes for the first time on appeal.

CCA argues that Brown is attempting to re-litigate an issue on appeal already decided by a federal court in *Brown v. CCA*, No. 03-822 (N.D. Ohio 2003). Before we address CCA's argument, we must first decide whether CCA, which did not appear before the district court in this matter even though it was properly served, can raise the affirmative defense of *res judicata* for the first time on appeal. Typically a defendant must plead the defense in the answer to the complaint. *Poulin v. Bowen*, 817 F.2d 865, 869 (D.C. Cir. 1987). But in *Stanton v. District of Columbia Court of Appeals*, 127 F.3d 72 (D.C. Cir. 1997), this court said that because *res judicata* protects not only the interests of a particular party but the interests of the court, we may consider it for the first time on appeal where the defendant has not forfeited the defense, the relevant facts are uncontroverted, and a failure to consider it would only cause delay. *Id*. at 77.

These factors are all present here. In *Stanton*, the defendant retained the right to argue *res judicata* because the district court ruled on a dispositive motion before the defendant had answered the complaint, leaving him free to assert the defense on remand. *Id*. Likewise, CCA has not forfeited the right to raise the defense here. Although CCA risked entry of a default judgment on account of its absence, it did not thereby forfeit the right to answer Brown's complaint and raise the defense if the district court's dismissal in its favor was later reversed. Moreover, the relevant facts are uncontroverted. Neither Brown nor the appointed amicus curiae identifies any factual disputes that arise in connection with Brown's earlier lawsuit. Finally, not to consider the defense now would only engender delay because CCA would be free to raise it on remand.

Therefore, we properly consider the *res judicata* defense for the first time on appeal and hold that it bars Brown's claims against CCA. In the previous case, Brown brought the identical claim against CCA that he brings now: Dr. Mazzi prescribed diabetic medication for Brown when in fact Brown did not have diabetes. *Brown v. CCA*, No. 03-822, at *1 (N.D. Ohio 2003). The court dismissed that case because the governing statute of limitations barred the action. *Id.* at *2. Brown does not dispute that *res judicata* would bar his claim against CCA for the actions of Dr. Mazzi. But Brown argues that he has raised a separate claim against CCA that its medical staff acted with deliberate indifference in failing to diagnose his hepatitis while he was incarcerated at the CCA facility. We find no such claim. Nowhere in his complaint or other pleadings does Brown allege that medical personnel working at CCA, other than Dr. Mazzi, refused to diagnose him or otherwise showed deliberate indifference to his serious medical need. Brown's claim against CCA for the conduct of Dr. Mazzi is barred by *res judicata* and Brown otherwise fails to state a claim for relief against CCA.

## V.

Finally, Brown contends that the district court erred in dismissing for lack of proper service his claims against the six District and nine CCA employees, all of whom Brown sued in their individual capacities. We agree.

Rule 4(m) of the Federal Rules of Civil Procedure requires the court to give the plaintiff notice prior to dismissal for lack of service:

> If service of the summons and complaint is not made upon a defendant within 120 days after

> the filing of the complaint, the court, upon motion or on its own initiative *after notice to the plaintiff*, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specific time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m) (emphasis added). Interpreting a predecessor of Rule 4(m), this court held that a district court errs when it dismisses a suit for failure to effect service and the plaintiff is "neither actually nor constructively on notice as to the impending *sua sponte* dismissal." *Smith-Bey v. Cripe*, 852 F.2d 592, 593 (D.C. Cir. 1988). This rule is especially important to a plaintiff who is *pro se* and incarcerated because of his limited ability to ensure proper service. *Id*. at 594. The record, however, gives no indication that Brown received the requisite notice.

## VI.

We affirm the dismissal of the claims against CCA, the District for alleged violations committed by CCA, and the high-ranking District officials. We reverse the dismissal of the claims against the District for alleged violations at the Lorton facility and the dismissal of the claims against the nine CCA and six District employees for failure to serve, and remand to the district court for further proceedings consistent with this opinion.

*So ordered*.