UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                               )
THOMAS BURRELL,                                )
                                               )
               Plaintiff,                      )
                                               )
       v.                                      )     Civil Action No. 12-0471 (PLF)
                                               )
MICHAEL W. LIEBERMAN, et al.,                  )
                                               )
               Defendants.                     )
_____)

MEMORANDUM OPINION AND ORDER

The plaintiff, Thomas Burrell, commenced an action in the United States District

Court for the Western District of Tennessee by filing a "Motion for *Ex Parte* Temporary

Restraining Order." Dkt. No. 1. The presiding judge transferred the case to this Court pursuant

to 28 U.S.C. § 1406(a) based on improper venue. See Dkt. No. 5-2.

A review of the docket suggests that the defendants have never been properly

served. Rule 4(c)(1) of the Federal Rules of Civil Procedure requires plaintiffs to ensure that a

summons is served on each defendant along with the complaint. Rule 4(e) identifies the means

through which a summons and complaint may be served on individuals within a judicial district

of the United States. Rule 4(*l*) requires plaintiffs to provide proof of service in the form of the

server's affidavit (unless process has been served by a United States marshal).

Included with Mr. Burrell's motion is a "Certificate of Service" stating that Mr.

Burrell served his motion on the five defendants by "placing same for service through the U.S.

District Court" and by mailing copies of the motion to the defendants through the U.S. Postal

Service.  Dkt. No. 1 at 12.  Mr. Burrell also filed with the Court an unsigned document labeled both "Notice of Hearing" and "Affidavit," which describes having mailed his motion to the defendants.  See Dkt. No. 3.  Neither of these documents constitutes proof that service has been properly served under Rule 4.  There is no indication that a summons was ever issued by the court or delivered to any defendant.  Moreover, process generally may not be served by a party to the case, Fed. R. Civ. P. 4(c)(2), or by simply mailing the summons and complaint to the defendants.  See Fed. R. Civ. P. 4(e).  While a United States marshal or other person specially appointed by the court may serve process at a plaintiff's request upon court order, Fed. R. Civ. P. 4(c)(3), there is no record in the docket of a summons or complaint having been served in this manner.

Before dismissing a complaint *sua sponte* for lack of proper service, a court must provide notice to the plaintiff.  Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own *after notice to the plaintiff* — must dismiss the action without prejudice against that defendant or order that service be made within a specified time.") (emphasis added); see Brown v. Dist. of Columbia, 514 F.3d 1279, 1286 (D.C. Cir. 2008).  Accordingly, it is hereby

ORDERED that on or before March 15, 2013, the plaintiff shall either file an affidavit proving service or show cause why this case should not be dismissed for failure to serve.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE:  January 30, 2013          United States District Judge

2