**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2435
_____

MELVIN TRENT WALKER,
                                                  Appellant

v.

PENNSYLVANIA DEPARTMENT OF TRANSPORTATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:17-cv-04720)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2020
Before:  AMBRO, GREENAWAY, JR. and PORTER, Circuit Judges

(Opinion filed: May 4, 2020)
_____

OPINION[*]
_____

PER CURIAM

     In October 2017, Melvin Trent Walker filed this pro se employment

discrimination suit against the Pennsylvania Department of Transportation ("PennDOT").

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Walker had 90 days thereafter to properly serve process, see Fed. R. Civ. P. 4(m), but he failed to do so: the Rules require in-person service for entities like PennDOT, see Fed. R. Civ. P. 4(j)(2); Pa. R. Civ. P. No. 422(a), and Walker instead used certified mail.[1]

Months later, the District Court issued an order giving Walker until July 10, 2018 to serve PennDOT.[2] The District Court did not identify for Walker any potential consequences of his failure to comply with its order. He responded with an affidavit reflecting that he had sent his complaint to the Secretary of PennDOT, as well as to Pennsylvania's Governor and Attorney General, all via certified mail.

After a stretch of docket silence, Walker filed a motion for default judgment under Fed. R. Civ. P. 55(b)(2). PennDOT appeared in court to oppose Walker's motion, arguing that it had not been properly served. The District Court agreed, denied Walker's motion for default judgment, and dismissed his suit without prejudice under Rule 4(m) based on his failure to timely comply with Rule 4(j)(2). The District Court noted its June 7, 2018 directive that service be accomplished by a particular date, and it cited the requirement of personal service for political subdivisions of a state. Walker appealed.

---

[1] Walker paid the filing fees, so he (and not a United States marshal) was responsible for service. Cf. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

[2] In the interim: Walker asked the District Court to appoint him counsel; his case was placed in "civil suspense" while attorneys from the "employment panel" were solicited; and the panel attorneys all passed on the case. The District Court's order, entered on June 7, 2019, both set a deadline for service and unfroze the proceedings.

We have jurisdiction under 28 U.S.C. § 1291 because the statute of limitations for Walker's employment discrimination claims expired prior to the District Court's without-prejudice dismissal; filing a new complaint would be futile. See Umbenhauer v. Woog, 969 F.2d 25, 30 n.6 (3d Cir. 1992); cf. Figueroa v. Buccaneer Hotel, Inc., 188 F.3d 172, 176 (3d Cir. 1999). Our review is for abuse of discretion. Cf. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (denial of motion for default judgment); Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997) (dismissal under Rule 4(m)).

Walker plainly failed to serve PennDOT using the proper method. His motion for default judgment thus was properly denied. Cf. Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, a fortiori, void, and should be set aside.").

We will nevertheless vacate the District Court's judgment in part. Before dismissing Walker's complaint sua sponte[3] for failure to timely perfect service, the District Court was required to provide "notice" that the complaint was vulnerable to such a dismissal. See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after

---

[3] PennDOT resists characterization of the dismissal here as "sua sponte," arguing that it was presaged by the opposition to default; dismissal was not "out of the blue." PennDOT Br. at 31. True enough, "sua sponte" may be defined as "[w]ithout prompting or suggestion." Black's Law Dictionary (11th ed. 2019). But the term may also be defined as "on its own motion." Id. Thus, a 'sua sponte dismissal' may refer to the instigator of the action (i.e., the District Court), rather than to the surprise the dismissal might evoke. And that usage is germane here because a Rule 4(m) dismissal by the District Court occurs either "on motion or on its own," and PennDOT did not file a motion to dismiss.

the complaint is filed, the court--on motion or on its own after notice to the plaintiff--

must dismiss the action without prejudice against that defendant or order that service be

made within a specified time."); see also Thompson v. Maldonado, 309 F.3d 107, 110 (2d

Cir. 2002) ("As indicated by the plain language of Rule 4(m), notice to the plaintiff must

be given prior to a *sua sponte* dismissal.").

The District Court, however, provided no notice, in its June 7, 2018 order or

otherwise. PennDOT's opposition to the default motion—in which it raised the service

issue—is no substitute for the District Court's obligation under Rule 4(m). Cf. Smith-Bey

v. Cripe, 852 F.2d 592, 593 (D.C. Cir. 1988) (quoting legislative history, in which Rep.

Edwards remarked regarding Rule 4(m)'s predecessor as follows: "If dismissal for

failure to serve is raised by the court on its own motion, the legislation requires that the

court provide notice to the plaintiff . . .. The plaintiff must be notified of an effort or

intention to dismiss the action.").

Proper notice could have set the stage for Walker to make a showing of good

cause, the result of which would be a mandatory extension of time to perfect service. See

Fed. R. Civ. P. 4(m).[4] Alternatively, Walker could have sought a discretionary extension

---

[4] We have our doubts that Walker could have made a sufficient showing of good cause, given his stubborn belief that certified mail was an adequate method of service. Cf. Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996) ("The district court's determination in this case (that plaintiff's disregard for what she considered the 'technical niceties' of service of process, does not constitute good cause) is in line with the precedent of this court.") (internal citation omitted). But we are not presented with a

4

of time based on the specifics of his case, including the statute of limitations issue. <u>Cf.</u>

<u>Boley</u>, 123 F.3d at 758 ("In drafting the amendment of Rule 4(m), the Advisory

Committee plainly had in mind, as its Notes state, 'authoriz[ing] the court to relieve a

plaintiff of the consequences of an application of this subdivision even if there is no good

cause shown …. *Relief may be justified, for example, if the applicable statute of*

*limitations would bar the refiled action....* ") (citations omitted).

Here, the District Court did not make an explicit conclusion regarding good cause.

And there is no indication that it appreciated the running of the statute of limitations, or

any other considerations potentially favorable to Walker, when it dismissed the case. <u>Cf.</u>

<u>Petrucelli v. Bohringer & Ratzinger</u>, 46 F.3d 1298, 1307 (3d Cir. 1995) (concluding that

"the district court must consider whether any other factors warrant extending time even

though good cause was not shown").

Accordingly, the District Court abused its discretion in dismissing Walker's pro se

complaint sua sponte.  We will, therefore, vacate the judgment below in part and remand

for further proceedings.  The District Court on remand should permit Walker an

opportunity to make his best arguments for extending the time for service, in reliance on

either the "good cause" standard of Rule 4(m), or factors that would support a

discretionary extension, <u>cf.</u> Fed. R. Civ. P. 4(m) Adv. Comm. Notes 1993.

---

record so developed that we can discern on appeal all possible good-cause arguments
Walker may have made to the District Court.