Primitivo **RUIZ VARELA**,
Plaintiff, Appellant,

v.

Jose **SANCHEZ VELEZ**, et al.,
Defendants, Appellees.

No. 86–1438.

United States Court of Appeals,
First Circuit.

Submitted Oct. 10, 1986.

Decided March 26, 1987.

Peter Berkowitz and Lugo and Berkowitz, Hato Rey, P.R., on brief, for plaintiff, appellant.

James D. Noel, III and Ledesma, Palou & Miranda, Hato Rey, P.R., on brief, for defendants, appellees.

Before COFFIN, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Primitivo Ruiz Varela filed a complaint on August 13, 1984 against a number of defendants seeking damages for injuries he allegedly suffered when a balcony collapsed. After unsuccessful attempts by plaintiff to effect service on defendant Eduardo Figueroa, the district court dismissed with prejudice plaintiff's claims against Figueroa, under Rule 313.1(A) of the Rules of the U.S. District Court for the District of Puerto Rico (hereinafter "Local Rule 313.1(A)"), for failure to serve summons within 120 days after the filing of the complaint. The district court also dismissed with prejudice plaintiff's claims against the remaining defendants—Jose Sanchez Velez, the conjugal partnership of Sanchez Velez and his wife, and Luis Flores—under Local Rule 313.1(B) on the ground that no substantial proceedings of record had been taken for a term of six months. Accordingly, judgment was entered against plaintiff. Plaintiff appeals. We vacate the judgment as to all four

defendants and remand the case to the district court for further proceedings.

(1) *Defendant Eduardo Figueroa.* Local Rule 313.1(A) provides that a case is subject to dismissal if "[p]rocess has not been served upon the defendant within one hundred twenty (120) days after the filing of the complaint, pursuant to Rule 4(j) of the Federal Rules of Civil Procedure." Fed.R.Civ.P. 4(j), in turn, provides, "If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion."

Plaintiff asserts that the district court failed to follow Rule 4(j) in that it dismissed plaintiff's claims against defendant Figueroa on its own initiative *without* any prior notice or warning to plaintiff of the possibility of impending dismissal. It is true that the provisions of Rule 4(j) are clear that dismissal can be ordered on the court's initiative only with "notice" to the plaintiff. *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir.1985); *United States v. Kenner General Contractors, Inc.,* 764 F.2d 707, 710 (9th Cir. 1985). A party can hardly enjoy an opportunity to "show good cause why such service was not made within [the required] period" if that party has not been accorded notice that the matter has been put in issue.

■ However, following dismissal plaintiff had the opportunity to file, and did file, a motion for reconsideration arguing that he had good cause for his failure of service. The district court's denial of that motion is subject to the same standard of review on appeal—an abuse of discretion standard—as is its *sua sponte* dismissal under Rule 4(j). *Whale v. United States,* 792 F.2d 951, 952-53 (9th Cir.1986). Accordingly, the district court's order of dismissal itself may be said to have given plaintiff notice of the issue and an opportunity to argue good

cause for the failure of service. Therefore plaintiff was not prejudiced by the lack of notice prior to dismissal. *Id.; Wei v. State of Hawaii,* 763 F.2d 370, 371 (9th Cir.1985). While we caution that the far better course is for the district court to provide notice of impending dismissal before actually ordering dismissal *sua sponte*—which is undoubtedly the procedure envisioned by Rule 4(j)—we do not find a violation of the Rule 4(j) notice requirement under the circumstances of this case.

Plaintiff also asserts, however, that the district court abused its discretion in failing to recognize that plaintiff's failure of service was justified by good cause. Plaintiff argued in his motion for reconsideration below that defendant Figueroa knew of the lawsuit and had evaded service. In support of this contention plaintiff pointed to the following evidence. Defendant Figueroa allegedly was the contractor who constructed, and defendant Luis Flores the architect who designed, the balcony that collapsed. Plaintiff's first interrogatories to defendant Flores, served March 21, 1985, sought Figueroa's address, but Flores omitted to provide it in his July 30, 1985 answer. On August 8, 1985, plaintiff again sought Figueroa's address in his second interrogatories to defendant Flores, and Flores' December 19, 1985 answer provided an address. Flores also appended to this answer an affidavit signed by Figueroa. According to Flores' answer this affidavit was signed by Figueroa in a meeting with Flores and Flores' counsel on December 14, 1984, two weeks after plaintiff on November 30, 1984 served on Flores an amended complaint naming Figueroa and Flores as defendants. The answer also asserted that Flores had located Figueroa in December 1984 at the stated address, even though Flores had failed to supply that address in his July 1985 answer.

■ All of the above does suggest the possibility that Figueroa knew of the complaint against him and evaded service, perhaps with Flores' connivance. Evasion of service by a putative defendant constitutes good cause for failure of service under Rule 4(j). *United States v. Kenner Gener-*

al Contractors, Inc., 764 F.2d 707, 710 (9th Cir.1985); *Wei v. State of Hawaii,* 763 F.2d 370, 371 (9th Cir.1985); *Prather v. Raymond Construction Co.,* 570 F.Supp. 278, 282 (N.D.Ga.1983). After learning Figueroa's address upon receipt of defendant Flores' December 19, 1985 answer, plaintiff immediately filed a motion for issuance of summons to Figueroa on December 27, 1985. The district court had not acted upon this motion when it dismissed plaintiff's claims against Figueroa for failure of service.

▮ The district court did not hold a hearing after plaintiff raised this allegation in his motion for reconsideration. The court instead denied the motion summarily without explanation. Under the circumstances of this case, where plaintiff provided evidence in support of a substantial allegation of good cause, we believe it was incumbent upon the district court to hold a hearing so there could be a factual inquiry into plaintiff's allegation or at least to state adequate reasons why such factual inquiry was unnecessary and dismissal nevertheless appropriate.[1] The court's failure to do either constituted an abuse of discretion. Accordingly, we vacate the dismissal of plaintiff's claims against Figueroa and remand the matter to the district court for further consideration in the light of this opinion. *Cf. Gibson v. United States,* 781 F.2d 1334, 1341 n. 2 (9th Cir.1986) ("good cause … is a factual issue, which must be decided in the first instance by the District Court").[2]

(2) *Defendants Jose Sanchez Velez, the conjugal partnership of Sanchez Velez and his wife, and Luis Flores.* Local Rule 313.1(B) provides that a case is subject to dismissal if

"[n]o substantial proceedings of record have been taken for a term of six (6) months as shown by the record docket. Substantial proceedings shall include dispositive motions, discovery measures, and certificate of readiness for trial, or other action which advances the matter toward trial or judgment. Substitution of attorneys, motions for enlargements of time, motions for protective orders, motions to continue or postpone status conferences or pretrial conferences, and similar proceedings, shall not be deemed substantial for the purposes of this rule."

Absent this Local Rule, Fed.R.Civ.P. 41(b) would provide broader authority to dismiss for lack of prosecution despite the presence of substantial proceedings within six months. This court has specifically stated with respect to Local Rule 313.1(B) that Fed.R.Civ.P. 41(b) "admittedly gives wide discretionary powers to a district court in the absence of any more restrictive rule. But where a court has adopted a clearcut local rule effectively proscribing dismissal when certain substantial proceedings have taken place within a six month period, elemental fairness will foreclose resort to the more general discretionary rule." *Mar-*

---

1. In its March 13, 1986 order dismissing plaintiff's complaint—issued *before* plaintiff had the opportunity to argue in his motion for reconsideration that defendant Figueroa had evaded service—the district court did state, "Plaintiff has no valid excuse for his failure to serve summons against this co-defendant. Personal service is not the only means of effective service." We note, however, that if Figueroa evaded personal service, as plaintiff asserts, it was that evasion that made resort to alternative forms of service necessary. We are aware of no authority that requires a plaintiff to effect service by publication as a prerequisite to a claim of evasion as good cause for failure of personal service. Were that the rule, the potential availability of service by publication would render a defendant's evasion of personal service irrelevant. Personal service, where possible, is the preferred means of effecting service. Further-

more, the record reveals that plaintiff did file two motions to serve summons and complaint by publication; both motions were denied on technical grounds.

2. In view of our holding we do not reach the question whether the district court erred in dismissing plaintiff's claims against Figueroa *with* prejudice under Local Rule 313.1(A), despite the express provision of Fed.R.Civ.P. 4(j) that dismissal for lack of service within 120 days shall be *without* prejudice. Nor need we decide whether Local Rule 313.2, .3, insofar as it may be read to authorize dismissal with prejudice for failure of service despite the limitations of Fed.R.Civ.P. 4(j), is a permissible expression of the court's broad power to dismiss under Fed.R.Civ.P. 41(b) for failure to prosecute.

*tinez Class v. Caribe Hilton Hotel,* 784 F.2d 12, 13 (1st Cir.1986).

Accordingly, in the instant case the district court could not—and did not—rely on the broad authority accorded by Fed.R. Civ.P. 41(b) to support its dismissal for lack of prosecution. To uphold that dismissal we must find that the district court did not abuse its discretion in ruling under Local Rule 313.1(B) that no substantial proceedings of record had been taken for a term of six months. We cannot so find. The record establishes that plaintiff took several actions within the six months before the district court's March 13, 1986 dismissal that, at least viewed together, constitute "substantial proceedings" for purposes of Local Rule 313.1(B).

On December 4, 1985, plaintiff served a notice of deposition on defendant Luis Flores, calling for Flores' attendance at a deposition to be conducted on January 16, 1986. Although the deposition ultimately was adjourned, apparently due to a schedule conflict on the part of plaintiff's counsel, the service of notice arguably constitutes a "discovery measure" for purposes of Local Rule 313.1(B). That Rule specifically defines "discovery measures" as "substantial proceedings."

On December 27, 1985, plaintiff, alleging that he had learned the address of the unserved defendant Figueroa, filed a motion for the issuance of a summons for service upon Figueroa at that address. The court never acted upon this motion, instead dismissing plaintiff's claims against Figueroa for failure of service. Whatever the merits of plaintiff's motion, it was arguably an "action which advances the matter toward trial or judgment" under Local Rule 313.1(B).

■ Above all, we note plaintiff's filing on February 5, 1986 of a motion and stipulation informing the court of a settlement by which plaintiff's claims against defendants Council of Co-Owners and/or Association of Condominium Owners of Condominium Sol 255 and National Insurance Company would be dismissed in return for the sum of $25,000. On February 28, 1986, the court entered judgment on these claims on the basis of the parties' stipulation. It is beyond dispute that plaintiff's settlement with these defendants and consequent filing of the motion and stipulation was "action which advances the matter toward trial or judgment." Plaintiff's action literally did result in an entry of judgment by the court.

■ We need not determine whether plaintiff's mere service of a notice of deposition and/or filing of a motion for issuance of summons would suffice to constitute "substantial proceedings of record" and thereby preclude dismissal under Local Rule 313.1(B). Given plaintiff's settlement of part of the case during the relevant six-month period, we are satisfied that plaintiff's actions during that period, viewed as a whole, constituted "substantial proceedings." In so holding, we read Local Rule 313.1(B) to require substantial proceedings to advance the case as a whole, not substantial proceedings as to each defendant individually. We think this to be the natural construction of the Rule; if it were otherwise, a plaintiff in a case with multiple defendants might repeatedly face dismissal as to individual defendants even while vigorously prosecuting the case as a whole. The focus of the Rule is on plaintiff's overall diligence. Defendants have cited no authority to the contrary.

Since Local Rule 313.1(B) permits dismissal only when "[n]o substantial proceedings of record have been taken" (emphasis added), we must find that the district court abused its discretion in dismissing these claims. Accordingly, we vacate the district court's dismissal under that Rule.

The judgment of the district court is vacated. The case is remanded to the district court for further proceedings consistent with this opinion.