**Lydia Lorenzo ROIG, Plaintiff,**

v.

**CHANDRIS,
INCORPORATED, Defendant.**

**Civ. No. 86–1641 (JP).**

United States District Court,
D. Puerto Rico.

Sept. 30, 1987.

Irwin Zemen, Santurce, Puerto Rico, for plaintiff.

David C. Indiano, Jimenez, Graffam & Lausell, San Juan, Puerto Rico, for defendant.

**1.** Rule 4(j) provides:
  If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of a complaint and the party on whose such service was required cannot

## ORDER

PIERAS, District Judge.

This case is before the Court upon defendant's motion to dismiss for failure to serve. Defendant has moved for this relief by special appearance, thereby not voluntarily submitting itself to the jurisdiction of this Court.

The complaint in this case was filed on October 21, 1986. It alleges negligence on the part of defendants, the owners of the SS VICTORIA, that resulted in personal injuries to plaintiff while plaintiff was a passenger on that vessel. On December 17, 1986, defendant made a special appearance to move that service be quashed. This motion was granted on February 10, 1987. In April, defendant moved to dismiss the case pursuant to Rule 4(j) of the Federal Rules of Civil Procedure.[1] Plaintiff has not opposed the motion. Although plaintiff moved the Court on March 6 to appoint the United States Marshal for the Southern District of New York as special process server, we hold that this motion does not toll the 120–day service period. Plaintiff was on notice that service had to be effectuated again upon the Court quashing service. Any one of a number of avenues were available to plaintiff, including service by a competent nonparty. According to plaintiff's March 6 motion, this method was unsuccessfully tried. Perseverance is the hallmark of a process service, however, and plaintiff's agent should have tried again. Plaintiff may have done well to have a move to appoint a deputy United States Marshal to serve process, but the request for that authorization in no way relieved plaintiff from reattempting service by other means. Plaintiff has not, except very indirectly, attempted a showing of good cause as to why service has not been made, even after defendant's motion to dismiss. The circumstance distinguishes this case from *Ruiz Varela v. Sánchez Vélez*, 814 F.2d 821 (1st Cir.1987).

  show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

In *Ruiz Varela*, the United States Court of Appeals for the First Circuit held that the district court had abused its discretion by not holding a hearing to determine the factual basis for plaintiff's allegation that good cause existed for plaintiff's failure to serve. 814 F.2d at 824. Here, no such determination is necessary. Plaintiff has neither advanced good cause as a reason for failure to serve in the face of defendant's motion for dismissal nor, indeed responded to defendant's motion at all. Further, dismissal is appropriate given plaintiff's evinced lack of enthusiasm in prosecuting this nearly year-old case.[2] This Court is not painted on the wall; we are here "to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1; *see also* Pieras, *Judicial Economy and Efficiency Through the Initial Scheduling Conference: The Method,* 35 Cath.U.L.Rev. 943 (1986).[3]

Clearly, more than 120 days have elapsed since the first attempted service was quashed and even more time than that since the complaint was first filed. Accordingly, and upon defendant's unopposed motion, this case is DISMISSED for failure to comply with Rule 4(j).

The Clerk shall enter Judgment accordingly.

IT IS SO ORDERED.

---

**2.** The Court further notes, but does not fully examine nor decide, whether the amended complaint properly pleads subject matter jurisdiction. Plaintiff pins her hopes for recovery of diversity jurisdiction. 28 U.S.C. § 1332. It appears on the face of the complaint, however, that the alleged injuries were suffered aboard a ship. Admiralty, and not diversity of citizenship, then, would seem the jurisdictional basis. As such, the amended complaint possibly would not, if the opportunity ever presented itself, survive a motion to dismiss.

**3.** The Court notes that defendant's attorney, David C. Indiano of the law offices of Jiménez, Graffam & Lausell, is the first attorney practicing before the Court to have the chutzpa to cite the undersigned's article in support of a motion.