

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-14-2005

# Liu v. Oriental Buffet Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2850

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Liu v. Oriental Buffet Inc" (2005). *2005 Decisions.* Paper 1020.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1020

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-2850

_____


MEI YING LIU AND SHU FANG CHEN,
Appellants

v.


ORIENTAL BUFFET, d/b/a KING CHEF BUFFET; METROPOLITAN BUFFET
CORPORATION, d/b/a METROPOLITAN BUFFET; AN NA ZHENG; XIAO YANG
ZHENG; BEN LIANG ZHU; FRANK CHAN, a/k/a KAI TUNG CHEN, a/k/a KAI
TONG CHEN, a/k/a KAI CHIANG CHAN, a/k/a KAI CHEUNG CHAN, a/k/a KAI
CHEONG CHAN; and DE GI CHING, a/k/a THE QI CHING, a/k/a JIMMY CHING


_____


On Appeal from the United States District Court
for the District of New Jersey
(Civil No. 03-2406)
District Judge: Honorable Katherine S. Hayden

_____

Argued: May 26, 2005

_____


Before: SCIRICA, Chief Judge, ALITO and GARTH, Circuit Judges

(Opinion Filed: June 14, 2005)

_____

Claudia Flores, Esquire (Argued)
Lenora M. Lapidus, Esquire
American Civil Liberties Union
125 Broad Street
18th Floor
New York, NY 10004

   *Counsel for Appellants*

Steven C. Mannion, Esquire (Argued)
DeCotiis, Fitzpatrick, Cole & Wisler
500 Frank W. Burr Boulevard
Teaneck, NJ 07666

   *Counsel for Appellee Oriental Buffet Inc., et al.*

Donna D. Gardiner, Esquire (Argued)
McElroy, Deutsch, Mulvaney & Carpenter
1300 Mount Kemble Avenue
Morristown, NJ 07962

   *Counsel for Appellee Metro Buffet Corp.*


OPINION
_____

Garth, <u>Circuit</u> <u>Judge</u>:

 Mei Ying Liu and Shu Fang Chen (the "Plaintiffs") appeal from the District Court's *sua sponte* order dismissing their employment discrimination and unfair labor practices action for failure to effect timely service pursuant to Federal Rule of Civil Procedure 4(m). They contend that the District Court abused its discretion by failing to provide them with actual notice prior to dismissing the case. We agree and so will vacate the District Court's order of dismissal and remand the case for further proceedings

consistent with this opinion.

I.

Because we write only for the parties, we recount the factual and procedural history only as they are relevant to the following discussion.

On May 22, 2003, the Plaintiffs filed a complaint (the "Original Complaint") in the United States District Court for the District of New Jersey against their employers: Oriental Buffet, d/b/a King Chef Buffet, An Na Zheng, Xiao Yang Zheng, Ben Liang Zhu, Frank Chan, and Kai Tung Chan, the managers, shareholders, and owners of Oriental Buffet, and Jimmy Ching, the head waiter of the restaurant (collectively, the "Defendants"). The Plaintiffs alleged that they were kept under the complete control of the Defendants, were paid no wages for their work, had to pay a daily kickback out of their tips to the Defendants, faced gender and ethnicity discrimination, were housed in deplorable conditions, and were threatened with death when they stopped working at the restaurant. They sought relief under state and federal overtime and wage laws, state and federal discrimination laws, and federal civil rights laws.

The Plaintiffs claim that they served all of the Defendants except for Jimmy Ching on June 3, 2003. They certified such service on June 20, 2003.[1]

---

[1] The service claimed to have been achieved by the Plaintiffs is detailed in their brief and was found to be ineffective as not conforming to the service rules set out in Fed. R. Civ. P. 4. While the District Court's order in this respect was not appealed, the Plaintiffs have included all of the Defendants in their Amended Complaint, the dismissal of which has been appealed.

Before any of the Defendants filed an answer, the Plaintiffs filed an amended complaint on June 11, 2003 (the "Amended Complaint"). According to the District Court, the Plaintiffs amended the complaint to (1) add a breach of contract claim, (2) add Metropolitan Buffet Corporation as a defendant, (3) list five aliases for defendant Frank Chan including Kai Tung Chan who was formerly named as a separate defendant (thereby eliminating Kai Tung Chan as a named defendant), and (4) name De Gi Ching as a defendant with Jimmy Ching as an alias (thereby eliminating Jimmy Ching as a named defendant).

On June 30, 2003, before the Plaintiffs had effected service of the Amended Complaint, the District Court ordered the Plaintiffs to seek default and default judgment with respect to the Original Complaint because the Defendants had failed to answer. The Plaintiffs complied with the Court's order and default was entered on July 9, 2003. Default judgment in the amount of $3,445,186.06 was entered on September 24, 2003.

After default judgment was entered, the Plaintiffs allege that they effected service of the Amended Complaint on Metropolitan Buffet, Xiao Yang Zheng, and Frank Chan. They also claim that they attempted unsuccessfully to serve the Amended Complaint on Oriental Buffet, An Na Zheng, Ben Liang Zhu, and De Ji Qin. The Plaintiffs admit that they ceased their efforts to serve the Amended Complaint on the remaining Defendants upon receiving notice of the Defendants' motion to vacate the default judgment.

On October 17, 2003, the Defendants (with the exception of Jimmy Ching) moved

4

to vacate the default judgment.  The Plaintiffs filed lengthy opposition papers after which the District Court took the matter under advisement.  On May 27, 2004, eight months after the default judgment was entered, the District Court vacated the judgment.  On the same day, pursuant to Federal Rule of Civil Procedure 4(m), the District Court *sua sponte* dismissed the entire action without prejudice (*i.e.*, both the Original and the Amended Complaints) for failure to timely serve the Defendants.

The Plaintiffs then filed this timely appeal.

II.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1343, as well as supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

Although the District Court dismissed this case without prejudice, its dismissal order is final and appealable because the Plaintiffs informed us that they have elected to stand on their complaint.  *See Lucas v. Township of Bethel*, 319 F.3d 595, 600 (3d Cir. 2003); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam).[2] Accordingly, we have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

We review a dismissal pursuant to Federal Rule of Civil Procedure 4(m) for abuse of discretion.  *See Boley v. Kaymark*, 12 F.3d 767, 758 (3d Cir. 1997) (citing *Ayres v.*

---

[2]  Plaintiffs also claim that a dismissal order for failure to serve defendants is, by its very nature, a dismissal with prejudice.  We express no opinion with respect to this argument.

*Jacobs & Crumplar, P.A.*, 99 F.3d 564, 568 (3d Cir. 1996)).

III.

Federal Rule of Civil Procedure 4(m) directs district courts to dismiss an action upon a plaintiff's failure to effect timely service:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion *or on its own initiative after notice to the plaintiff*, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows *good cause* for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).

The Plaintiffs argue that the plain language of Rule 4(m) clearly requires that a dismissal for failure to effect timely service must be preceded by notice to the plaintiff of the district court's intention to dismiss the action, to allow the plaintiff to demonstrate good cause for its failure to comply with the rule's 120 day service requirement. They rely on the Second Circuit's decision in *Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002) (per curiam) in which that court held: "As indicated by the plain language of Rule 4(m), notice to the plaintiff must be given prior to a *sua sponte* dismissal." *Id.*

We agree with and therefore join the Second Circuit in holding that Rule 4(m) requires a district court to give notice prior to dismissing an action upon its own motion for failure to effect timely service. In so doing, we reject the Defendant's position that the order of dismissal itself constitutes sufficient notice under Rule 4(m).

6

The Defendants rely principally on the First Circuit's decision in *Ruiz Varela v. Sanchez Velez*, 814 F.2d 821, 823-24 (1st Cir. 1987) (per curiam), which held that the failure to give actual, prior notice is not grounds for vacating the dismissal, so long as there is no prejudice to the plaintiff. *See Ruiz Varela*, 814 F.2d at 824. In particular, the Defendants argue that the Plaintiffs had an opportunity to show good cause because they could have filed a motion for reconsideration upon receiving the order dismissing the action.

*Ruiz Varela*, however, was decided before the enactment of the current Rule 4(m). In its prior formulation, as Rule 4(j), the rule was less explicit on the requirement of prior notice:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed upon the court's own initiative with notice to such party or upon motion.

Fed.R.Civ.P. 4(j) (repealed). Unlike former Rule 4(j), the current Rule 4(m) states explicitly that dismissal shall be ordered *after* notice to the plaintiff. Given the modification to Rule 4(m), prior notice is required irrespective of whether the plaintiff is prejudiced by the dismissal.

We are similarly unpersuaded by the Defendants motion for reconsideration argument. While the Plaintiffs had the right to move for reconsideration, they had no

7

obligation to do so. The fact that the Plaintiffs had the *option* to move for

reconsideration does not negate Rule 4(m)'s *requirement* that a district court provide

prior notice. Under the circumstances here, we are not persuaded that the lack of prior

notice was harmless.

IV.

In this case, the District Court improperly exercised its discretion when it failed to

give actual notice prior to entering its order as required by Rule 4(m). Accordingly, we

will vacate the dismissal order dated May 27, 2004 and remand the case to the District

Court for further proceedings in accordance with Rule 4(m) and this opinion.

On remand, the District Court should consider whether the Plaintiffs have

demonstrated good cause for their failure to properly serve certain of the Defendants.[3] In

the event that the Plaintiffs seek an extension of time to effect service, the District Court

should consider whether such an extension is warranted in the exercise of its discretion .

In addition, it appears that certain defendants may have waived the defense of

insufficient or untimely service. Notably, counsel for Metropolitan Buffet conceded that

it waived any claim of untimely service by filing an answer and failing to raise untimely

---

[3] Although the Plaintiffs presented many of their good cause arguments on this appeal, we will not address them herein but will instead direct the District Court to address those arguments in the first instance. Accordingly, we express no opinion as to whether or not the Plaintiffs have made out a showing of good cause for failure to timely serve certain of the Defendants.

service as an affirmative defense. Moreover, the Plaintiffs claim that Xiao Yang Zheng and Frank Chan were properly served within 120 days of filing the Amended Complaint, all in accordance with Rule 4(m). Zheng and Chan appear to contest this claim. We express no opinion but leave it to the District Court for its determination. Thus, we will remand the entire case and further instruct the District Court to determine whether the Amended Complaint should be reinstated as to certain of the Defendants irrespective of whether the Plaintiffs are able to demonstrate good cause pursuant to Rule 4(m).