**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0487n.06
Filed: July 9, 2007

**No. 06-4245**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ROCCO MARZUOLA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | NORTHERN DISTRICT OF OHIO |
| CONTINENTAL TIRE NORTH | ) | |
| AMERICA, | ) | OPINION |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE:     MARTIN and DAUGHTREY, Circuit Judges; SCHWARZER,[*] District Judge.

**WILLIAM W SCHWARZER, District Judge.** Rocco Marzuola appeals the district court's grant of summary judgment against him. Marzuola sued his former employer, Continental Tire North America, Inc. ("Continental Tire"), alleging that he was owed severance pay under an old version of their severance policy, and seeking declaratory judgment that the release on which Continental Tire conditioned more recent severance benefits was invalid as a matter of law. The district court granted summary judgment to defendant on both claims, holding that (1) in his opposition brief, Marzuola abandoned his original claim under the old severance policy, and his complaint was not broad enough to put defendant on notice of his second claim under the new

---

[*]The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

policy; and (2) Marzuola had no standing to challenge the language of a release he did not sign. It also dismissed a second defendant, Continental Tire America Employee Benefit Plan ("the Plan"), due to Marzuola's failure to serve the complaint on that defendant. We affirm.

## I. BACKGROUND

Rocco Marzuola was an employee of General Tire and Rubber Company and its successor corporation, Continental Tire, from February 17, 1976 until the closing of the Akron Test Center and his layoff effective May 31, 2005. From November 1, 1994 until February 1, 2005, Continental Tire had in place a company-wide policy covering severance benefits ("the 1994 policy"). On January 1, 2005, Continental Tire terminated the 1994 policy company-wide, and replaced it with an updated policy ("the 2005 policy"), including new severance benefits language.

On or about February 18, 2005, Continental Tire announced the closure of the Akron Test Center. Continental Tire then offered Marzuola, along with 19 coworkers, a severance package conditioned on Marzuola signing a severance agreement ("the release"), in accordance with the 2005 policy. Terminated employees were given forty-five days to consult with counsel. Marzuola consulted with counsel, and signed a version of the release modified by his attorney; this version of the release was sent to Continental Tire, which rejected it as unacceptable. Additional attempts to modify the release were similarly unsuccessful.

After the expiration of the 45-day grace period, on August 26, 2005 Marzuola filed suit against Continental Tire in the Court of Common Pleas in Summit County, Ohio. He sought declaratory judgment that several paragraphs of the release offered by Continental Tire were invalid and unenforceable as a matter of law, as well as allegedly "vested benefits," including one month of pay for every year of employment, under the 1994 policy. On October 4, 2005, Continental Tire

2

filed a notice of removal in the Northern District of Ohio, arguing that all of Marzuola's causes of action were preempted by ERISA, and therefore the district court had jurisdiction under 28 U.S.C. § 1331. Marzuola then filed an amended complaint, adding the Plan as a defendant and explicitly citing ERISA, but making the same basic claims.

On February 6, 2006, Continental Tire filed a motion for summary judgment, arguing that: (1) Marzuola was not entitled to any "vested benefits"; (2) the 1994 policy had never entitled anyone to one month of pay per month of service; (3) Marzuola, never having signed the release, had no standing to challenge its validity; and (4) the release was enforceable. In that motion, Continental Tire also mentioned that Marzuola had never served his amended complaint on the Plan. In his opposition, Marzuola argued that he was also seeking benefits under the 2005 plan in the event that his claims under the 1994 policy failed. On August 11, 2006, the district court granted Continental Tire's motion, holding that (1) Marzuola had abandoned his original claim for relief under ERISA; (2) because Marzuola did not seek relief under the 2005 policy in his complaint, he was unable to argue such a claim in his opposition; (3) Marzuola did not have standing to challenge the release because there was not a substantial likelihood that doing so would redress or prevent his injury. In the same opinion, the district court dismissed the claims against the Plan under Federal Rule of Civil Procedure 4(m), citing Marzuola's failure to serve the Plan. Marzuola timely appealed.

## II. DISCUSSION

### A. SUMMARY JUDGMENT ON FIRST CLAIM

Marzuola argues that the district court erred both in finding that he abandoned his first claim for relief under the 1994 policy and in finding that his claim as pleaded was insufficient to put Continental Tire on notice of claims under the 2005 policy. This court "review[s] a grant of

3

summary judgment *de novo*." *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001). Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The essence of Marzuola's argument is that his original claim for relief was pled broadly enough to cover both the 1994 and 2005 policies, so that when he chose to concentrate on the 2005 policy in his opposition, he was neither abandoning his old claim nor making a new one. Federal Rule of Civil Procedure 8(f) states: "All pleadings shall be so construed as to do substantial justice." Even under the liberal pleading rules, however, his original first claim for relief was insufficient to put Continental Tire on notice of claims under the 2005 policy.

The first claim for relief in Marzuola's first amended complaint alleges that "Plaintiff's rights to severance pay at the rate of one month of salary for every year or partial year worked were **vested benefits** and could not be adversely affected by purported amendments" and requests relief in the form of thirty months salary, an amount which was based on his reading of the 1994 policy. In Count 2, Marzuola similarly claims that his right to "12 Moths [sic] of Health Care Coverage and Life Insurance from the date of termination" under that same policy was unalterable and demands that Continental Tire provide such benefits under "the Plan." Finally, in the second claim for relief, Marzuola requests only a "Declaratory Judgment" that the release is "invalid and unenforceable as a matter of law," and specifically that paragraph 5 of the release, which limits the employee's ability to sue, is invalid.

Citing "specific information, and only that specific information" relating to one cause of action cannot put the defendant on notice of violations unrelated to that information. *See Minadeo*

4

*v. ICI Paints*, 398 F.3d 751, 763 (6th Cir. 2005). Marzuola argued only that the 1994 policy was unalterable, requested monetary relief under the terms of the that policy, and mentioned the 2005 policy only for the purposes of arguing that it was an invalid modification and that the release was unenforceable. No mention is made of any monetary relief under the 2005 policy, and no information is provided on what such relief might include. The district court correctly determined that Marzuola had abandoned his claim to benefits under the 1994 claim (a determination which defendant ratified at oral argument), and that his claim for relief was insufficiently pled to put Continental Tire on notice of any monetary claims under the 2005 policy. As Marzuola had no remaining claims, summary judgment was proper as a matter of law.[1]

## B.    SUMMARY JUDGMENT ON SECOND CLAIM

Marzuola argues that the district court erred by dismissing his claim for declaratory relief on standing grounds. "This Court reviews de novo the district court's decision to dismiss a claim for lack of standing." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). "To satisfy Article III's standing requirement, a plaintiff must have suffered some actual or threatened injury due to the alleged illegal conduct of the defendant; the injury must be 'fairly traceable' to the challenged action; and there must be a substantial likelihood that the relief requested will redress or prevent the plaintiff's injury." *Id.* at 494.

As the district court observed, ruling the release invalid would not have a substantial likelihood of redressing Marzuola's alleged injuries–that he was denied severance benefits under

---

[1]Although Marzuola argues in his brief that he was entitled to vested benefits under the 1994 plan, he stated at oral argument that the benefits in question were not vested. Further, since he has no colorable claim remaining under either policy, this court need not address whether either policy provided for vested benefits under ERISA.

either policy. Unsigned, the release does not hinder Marzuola from seeking to redress those alleged harms in court, as he has done in this action. Contrary to Marzuola's contentions otherwise, if he signed the release, he would retain the ability to challenge its validity in court. *See, e.g.*, *Astor v. Int'l Bus. Machs. Corp.*, 7 F.3d 533, 537 (6th Cir. 1993) ("While this covenant not to sue broadly covers all claims relating to the employment relationship, it cannot cover suits that challenge the validity of the release agreement itself. Otherwise, the plaintiffs would be denied the means to escape a voidable obligation not to sue."). Finally, even if the release were shown to violate the specific statutes that Marzuola alleges, he has made no other claims for relief under those statutes, and declaring the unsigned release invalid would have no effect. Therefore, the district court did not err in dismissing Marzuola's second claim for relief for lack of standing.

## III. DISMISSAL OF THE PLAN

Marzuola argues that the district court erred by dismissing the Plan sua sponte under Federal Rule of Civil Procedure 4(m) without providing him with notice as required by the rules. He further argues that the district court improperly dismissed the claim with prejudice by not specifying that it was being dismissed "without prejudice." Continental Tire counters that the district court did not dismiss the Plan sua sponte, and so no notice was required, and that even if the district court did order the dismissal sua sponte, the error did not prejudice Marzuola and therefore is not reversible.

Because all of Marzuola's substantive claims were properly dismissed by the district court, there are no remaining claims against the Plan, and so the Rule 4(m) issue is moot. *Cf. Willing v. Lake Orion Cmty. Sch. Bd. of Trs.*, 924 F. Supp. 815, 821 (E.D. Mich 1996) (denying motion to dismiss on Rule 4(m) grounds as moot when all claims dismissed on other grounds). Moreover, while this circuit does not appear to have addressed the issue, others have concluded that lack of

6

notice under Rule 4(m) will not mandate reversal unless the plaintiff was prejudiced. *See, e.g.*, *Blaney v. West*, 209 F.3d 1027, 1032 (7th Cir. 2000) ("[W]e join the First and Ninth Circuits in finding that where the plaintiff was not prejudiced by the lack of notice, the error is harmless." (citing *Ruiz Varela v. Sanchez Velez*, 814 F.2d 821, 823 (1st Cir. 1987)). Marzuola was not prejudiced by the lack of notice, as all of his substantive claims with dismissed simultaneously with the Plan.

For the reasons stated, we **AFFIRM** the judgment of the district court.