**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0360n.06
Filed: June 23, 2008

No. 07-1521

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| RUDY REYNOSA, | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| KURT SCHULTZ, et al., | ) | |
| | ) | |
| **Defendants-Appellees.** | ) | |
| | ) | |

**OPINION**

Before: KEITH and SUTTON, Circuit Judges; ACKERMAN, Senior District Judge.[*]

**HAROLD A. ACKERMAN, Senior District Judge.** Rudy Reynosa appeals from the District Court's dismissal of his claims against Defendants Vaughn Smith and unknown parties John and Jane Doe. Reynosa brought suit against Defendants after he suffered an overdose of medication in prison. The District Court dismissed Reynosa's claims against Smith for failure to state a claim, and dismissed the claims against unnamed Defendants for failure to effect service. Reynosa now appeals the District Court's dismissal. For the reasons stated below, we affirm the dismissal of claims against Smith, but reverse and remand the dismissal of claims against unidentified Defendants John and Jane Doe .

_____

[*] The Honorable Harold A. Ackerman, Senior United States District Judge for the District of New Jersey, sitting by designation.

1

**I.**

Rudy Reynosa is presently an inmate at the Marquette Branch Prison located in Marquette, Michigan. On May 25, 2005, while Reynosa was incarcerated at the Florence Crane Correctional Facility ("Florence") in Coldwater, Michigan, he took an overdose of pain medication. At approximately 1 p.m., Defendant Vaughn Smith, the Resident Unit Officer employed at Florence who was charged with overseeing Reynosa's section, observed Reynosa sitting at a table with a dazed look on his face. Smith determined that the quickest way to obtain health care for Reynosa was to run the approximately 1000 feet to prison health services rather than opt for a slower alternative of calling the control center and waiting for personnel to contact health services. Smith ran down the hallway to health services and described Reynosa's condition. Smith was instructed by health care personnel to have Reynosa lie down on his bed. Smith immediately returned to Reynosa's section and attempted to move Reynosa, without success. Smith went back to health care services and informed personnel that he was unable to move Reynosa. Smith was then instructed to bring Reynosa to the clinic, which Smith accomplished using a wheelchair. This entire sequence of events took 35 minutes. Reynosa was later transported to a hospital by ambulance and received treatment for his self-inflicted drug overdose.

Reynosa brought a civil action, *pro se*, pursuant to 42 U.S.C. § 1983, naming Smith, Jane and John Doe healthcare providers, and other named defendants.[1] The Complaint was served on

---

[1] The other named defendants included the Marquette Branch Supervisor, Kurt Schultz, and City of Coldwater Prosecuting Attorney Kirk Kashion. Reynosa alleged that Schultz violated his Eighth Amendment rights by ordering him to operate a jackhammer, which resulted in Reynosa's injury, and that Kashion violated his due process rights by failing to respond to his written complaints concerning the above incidents. The District Court dismissed Reynosa's

Smith. Reynosa claimed that Smith failed to follow proper policy concerning medical emergencies, and that policy required Smith to phone or radio control center about the emergency. Instead, Reynosa alleged, Smith went directly to health services and notified them. Reynosa requested an award of monetary damages.

On April 9, 2007, the District Court granted Smith's motion for summary judgment on all claims. Adopting the Report and Recommendation ("R&R") of the Magistrate Judge, the District Court noted that "the undisputed facts failed to establish either the objective or subjective components of an Eighth Amendment claim against Smith." (JA, Ex. 11 at 1.)

Concerning Reynosa's claims against unknown Defendants John and Jane Doe, Reynosa alleged that they failed to provide him with adequate medical care. However, after some effort, Reynosa failed to identify such defendants within the statutorily-prescribed 120 days. Accordingly, the District Court dismissed, without prejudice, the claims against unknown Defendants.

Reynosa now appeals the District Court's dismissal. Smith, represented by the State of Michigan, relies on his briefing papers below, and Reynosa proceeds *pro se*.

## II.

This Court reviews *de novo* a district court's grant of summary judgment, and utilizes the same test employed by the district court. *Jackson v. Leighton*, 168 F.3d 903, 909 (6th Cir. 1999); *see also Lucas v. Monroe County*, 203 F.3d 964, 971 (6th Cir. 2000). A party is entitled to

claims against Schultz and Kashion for failure to state claims upon which relief could be granted. Reynosa does not challenge, and our Opinion does not address, the District Court's dismissal of claims against Defendants Schultz and Kashion.

3

summary judgment when the "record taken as a whole could not lead a rational trier of fact to find for the non-moving party" because there is no genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 599 (1986) (internal citation omitted). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 706 (6th Cir. 2006). Once the moving party has satisfied its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* When addressing a party's *pro se* papers, the Court must read them with less stringency, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the *pro se* party's allegations as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**III.**

To state a claim under 42 U.S.C. § 1983, Reynosa must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). In his Complaint, Reynosa sought to fulfill the first requirement by alleging a violation of his rights secured by the Eighth Amendment. (JA, Ex. 1 at 1.) This allegation contradicts his assertion in his briefing where he writes: "It is clear and unambiguous that [I] asserted only State Law Tort claims against Smith. There is absolutely nothing in [my] complaint to suggest otherwise."

4

(Reynosa Br. at 7.)[2] If we were to read Reynosa's contention as an abandonment of his Eighth Amendment claim, *see Kocsis v. Multi-Care Mgmt.*, 97 F.3d 876, 881 (6th Cir. 1996), we likely would decline to exercise federal jurisdiction over Reynosa's state law claims, *see* 28 U.S.C. § 1367(c)(3) (describing a court's discretion to dismiss supplemental state law claims). However, reading Reynosa's *pro se* papers with latitude, we will address Reynosa's Eighth Amendment claim as he originally, though opaquely, alleged on the face of his Complaint.

The Eighth Amendment states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., amend. VIII. This bar is made applicable to the States by the Fourteenth Amendment. The principles underlying the Eighth Amendment include "the government's obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). When prison officials' inattention to a prisoner's serious medical needs rises to deliberate indifference, such indifference constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. *Id.* at 104. In other words, "the Eighth Amendment does not apply to every deprivation, or even every unnecessary deprivation, suffered by a prisoner, but *only* that narrow class of deprivations involving 'serious' injury inflicted by prison officials acting with a culpable state of mind." *Hudson v. McMillian*, 503 U.S. 1, 20 (1992) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (emphasis in original)). Indeed, "a prison official cannot be found liable . . . unless the official knows of and disregards an excessive risk to inmate health or safety[.]" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a viable Eighth Amendment claim has an

---

[2] Reynosa styles his primary allegation against Smith as one arising under principles of state-law negligence. (Reynosa Br. at 8.)

objective component requiring a showing of a serious risk of injury, and a subjective component requiring a showing of deliberate indifference. *See id.*

Here, there is no genuine issue regarding whether Reynosa faced a sufficiently serious medical condition. "A sufficiently serious medical need is predicated on the inmate demonstrating that he or she is incarcerated under conditions imposing a substantial risk of serious harm." *Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005) (internal citation and quotation marks omitted). To support this first prong, an inmate "must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001). As the District Court found, Reynosa "did not submit any medical records in response to defendant's motion for summary judgment. There are no medical records showing that [Reynosa] suffered any adverse consequences as a result [of] any 'delay' in medical treatment attributable to the defendant's actions." (JA, Ex. 9 at 6.) We agree.

Furthermore, there is no genuine issue concerning whether Smith had the requisite culpable intent. A plaintiff can show deliberate indifference by establishing, for example, that the defendants intentionally denied or delayed access to medical care, *see Estelle*, 429 U.S. at 104-05, or that the defendants refused to provide prescribed medication, *see Byrd v. Wilson*, 701 F.2d 592, 595 (6th Cir. 1983). Reynosa presented no evidence supporting either inference. Rather, as the Magistrate Judge accurately observed, "Defendant's actions resulted in plaintiff receiving prompt medical attention. I find no reasonable trier of fact could find in plaintiff's favor on the subjective component of his Eighth Amendment claim against defendant." (JA, Ex. 9 at 7.) Simply put, Reynosa presents no dispute upon which a reasonable trier of fact could find

6

an Eighth Amendment violation. Therefore, his § 1983 claim fails as a matter of law.[3]

## IV.

Reynosa requested that the District Court exercise supplemental jurisdiction over his state law claims, which are based largely on gross negligence. However, "[s]upplemental jurisdiction is a doctrine of discretion, not of . . . right." *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003). We review a district court's decision to exercise pendent jurisdiction for abuse of discretion, *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir.1993), meaning that this Court will not reverse unless the court below "relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard," *United States v. Chambers*, 441 F.3d 438, 446 (6th Cir. 2006) (internal citation omitted). Ordinarily, where all federal claims have been dismissed, federal courts should decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3); *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Here, the District Court committed no abuse of discretion to decline supplemental jurisdiction over Reynosa's state law claims sounding in gross negligence.

---

[3] The District Court found, alternatively, that Smith was "entitled [to] judgment in his favor as a matter of law on the basis of qualified immunity." (JA, Ex. 9 at 7.) In *Saucier v. Katz*, the Supreme Court wrote: "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." 533 U.S. 194, 201 (2001); *see also Marvin v. City of Taylor*, 509 F.3d 234, 244 (6th Cir. 2007) ("If there is no constitutional violation, then the plaintiff's § 1983 claim fails as a matter of law and the defendant is therefore entitled to summary judgment and does not need qualified immunity."). Because Reynosa fails to show a constitutional violation, we need not further address Smith's qualified immunity claim.

Reynosa challenges the District Court's dismissal of his claims against unnamed Defendants John and Jane Doe, essentially claiming that the District Court improperly applied the law governing dismissal of claims for defective service. In its Order adopting the R&R of the Magistrate Judge, the District Court dismissed the claims against John and Jane Doe without prejudice "for failure to make service." (JA, Ex. 11 at 2.) The District Court noted that Reynosa "filed his complaint seven months ago, and has yet to identify the 'unknown' Defendants." (JA, Ex. 11 at 2.)

This Court reviews a district court order dismissing a complaint for failure to effect timely service of process for an abuse of discretion. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made, such as when a court makes clearly erroneous findings of act or improperly applies the law. *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir. 1995).

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own *after notice to the plaintiff* – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. *But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.*

(Emphases added). It is undisputed that Reynosa failed to identify the proper defendants within 120 days. It is also undisputed that the District Court did not give notice to Reynosa prior to dismissing his claims against John and Jane Doe, and thus, Reynosa was not given a formal

opportunity to show good cause for his defective service. The issue then before us is whether the District Court's failure to give notice suggests that we should remand the case.

According to the State, in its amicus letter brief filed at this Court's request,[4] Reynosa could have responded to the District Court's dismissal by offering good cause once the judgment was entered by filing a motion to reconsider. Some circuits have held that when a plaintiff has an opportunity to request reconsideration, the plaintiff is not prejudiced by the district court's failure to provide advance notice of its intention to dismiss for defective service. *See Ruiz Varela v. Sanchez Velez*, 814 F.2d 821, 823 (1st Cir. 1987) (order of dismissal by district court gives plaintiff notice and an opportunity to respond where plaintiff had an opportunity to file and did file a motion for reconsideration following dismissal for defective service); *Whale v. United States*, 792 F.2d 951, 952-53 (9th Cir. 1986) (finding no prejudice to plaintiff by lack of notice when plaintiff had an adequate opportunity to demonstrate good cause in Rule 60(b) motion following dismissal). In both *Ruiz* and *Whale*, the courts resolved that the lack of notice prior to dismissal did not compel reversal because the lack of notice did not prejudice the plaintiff. *Ruiz*, 814 F.2d at 823; *Whale*, 792 F.2d at 952.

To date, it appears that this Court has not yet addressed the precise circumstance before us, where the plaintiff did not file a motion to reconsider, and the dismissed claims were not decided on the merits. *But cf. Marzuola v. Cont'l Tire N. Am.*, 243 F. App'x 956, 960 (6th Cir. 2007) (unpublished) (finding no prejudice from lack of notice because "all of [the plaintiff's] substantive

---

[4] In our letter request dated May 21, 2008, we asked that the State "file a letter brief addressing only the third issue that Mr. Reynosa raises in his brief – whether the court erred in dismissing his complaint against unnamed defendants for lack of service under Rule 4(m)." In its response, dated May 28, 2008, the Government remarked that it only represents Defendant Smith, and thus, filed its "letter in the nature of an amicus submission." (State Letter Br.)

claims were properly dismissed by the district court" on the merits, and thus, district court's dismissal for defective service was proper). However, despite the findings of our sister circuits in *Ruiz* and *Whale*, we find the more prudent path resembles that taken by the United States Court of Appeals for the District of Columbia.

In *Smith-Bey v. Cripe*, the D.C. Circuit held that an inmate proceeding *pro se* was not given proper notice prior to the district court's dismissal without prejudice of his claims for lack of service. 852 F.2d 592, 593 (D.C. Cir. 1988). There, the court reasoned that the inmate "was neither actually nor constructively on notice as to the impending *sua sponte* dismissal." *Id.* Moreover, the court distinguished *Ruiz* and *Whale*, observing that the inmate was prejudiced by the dismissal because he "did not move for reconsideration and he did not have an opportunity to show good cause[.]" *Id.* "These factors," noted the court, "combined with his *pro se* status, lead us to conclude that the district court's dismissal . . . was improper." *Id.*; *see also Brown v. District of Columbia*, 514 F.3d 1279, 1286-87 (D.C. Cir. 2008).

*Smith-Bey*'s reasoning is persuasive, and its facts nearly identical to those before us here. Reynosa, a *pro se* inmate, was given neither actual nor constructive notice of the District Court's dismissal, until, of course, the District Court actually dismissed the claims against the unknown Defendants. Moreover, Reynosa was prejudiced by the dismissal because it is, *at best*, unclear whether Reynosa could have shown good cause for defective service. Reynosa made efforts to learn the identities of the unknown Defendants, including serving interrogatories on Smith to acquire such information. (JA at Ex. 5.) However, Smith's response was never obtained because the Magistrate Judge stayed discovery pending the dismissal of Reynosa's claims against Smith. (JA at Ex. 9.) Reynosa argues that "other than serving Smith with discovery requests he knows no

other way to identify the unknown parties." (Reynosa's Br. at 11.) Given the efforts already undertaken by Reynosa, and the difficulties presented by his prisoner *pro se* status, it is at least debatable whether, if given the opportunity, he could show good cause. Thus, like the *Smith-Bey* inmate, Reynosa was prejudiced because he did not move for reconsideration, and was not given notice and an opportunity to show good cause.[5]

In *Ruiz*, the First Circuit "caution[ed] that the far better course is for the district court to provide notice of impending dismissal before actually ordering dismissal *sua sponte* – which is undoubtedly the procedure envisioned by [the Federal Rules.]" 814 F.2d at 823. We agree. In light of Reynosa's *pro se* status, and the notice requirement mandated by Rule 4(m), the District Court abused its discretion by not giving proper notice to Reynosa prior to dismissing his claims.[6] *Cf. Ching v. Lewis*, 996 F.2d 1223, 1993 WL 230173, at *3 (9th Cir. 1993) (table) ("Dismissal of a *pro se* complaint without an opportunity to show cause or explain why dismissal is inappropriate

---

[5] The State also objects that "Reynosa was not prejudiced because the unserved defendants were dismissed without prejudice." (State Letter Br. at 3.) While the State is correct that the District Court dismissed Reynosa's claims without prejudice, its dismissal without notice prejudiced Reynosa in a different sense. In *Smith-Bey*, the district court under review had also dismissed "without prejudice," yet the D.C. Circuit found that the *pro se* inmate was nevertheless "prejudiced" because he did not ultimately "move for reconsideration" and "have any opportunity to show good cause." 852 F.2d at 593. We perceive a similar distinction, as discussed above. Rule 4(m) requires, when a district court dismisses an action for failure of service, that it do so "without prejudice." Fed. R. Civ. P. 4(m). Yet, dismissal without prejudice does not excuse a district court from giving notice to the plaintiff prior to dismissing the action merely because the plaintiff may choose to re-file suit. In other words, it would be nonsensical to permit a court to circumvent the strictures of Rule 4(m) by dismissing an action without prejudice, which is mandated anyhow by Rule 4(m), and thus negate the core substance of that same rule, namely that a court give notice to the plaintiff prior to dismissal for untimely service.

[6] The Advisory Committee Notes to Rule 4(m) also state that "[t]he district court should . . . take care to protect *pro se* plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." Fed. R. Civ. P. 4(m) advisory committee's note.

11

has been held to be an abuse of discretion.").

Our conclusion is further compelled by the rationale underlying the most recent enactment of Rule 4(m). The Courts of Appeals in *Ruiz*, *Whale*, and *Smith-Bey* all based their findings on the prior formulation of Rule 4(m), then cast as Rule 4(j), which was amended effective December 1, 1993, *Byrd*, 94 F.3d at 219 n.2. In this prior construction, the rule was vague on the requirement of prior notice:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed upon the court's own initiative with notice to such party or upon motion.

Fed. R. Civ. P. 4(j) (repealed). "Unlike former Rule 4(j), the current Rule 4(m) states explicitly that dismissal shall be ordered *after* notice to the plaintiff."[7] *Liu v. Oriental Buffet*, 134 F. App'x 544, 547 (3d Cir. 2005) (unpublished) (emphasis in original). Further, "[t]he fact that the Plaintiff[] had the *option* to move for reconsideration does not negate Rule 4(m)'s *requirement* that a district court provide prior notice." *Id.* (emphasis in original).

The State asserts that "if this Court should determine that the notice to Reynosa was insufficient, then the appropriate course of action would be to remand this case to the district court to allow Mr. Reynosa to bring forward any information he may have to show good cause." (State Letter Br. at 3.) We concur. While we offer no opinion on the merits of whether Reynosa may succeed in demonstrating good cause, we remand to the District Court to give Reynosa

---

[7] Rule 4(m) provides: "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own *after notice to the plaintiff* – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added).

12

notice of dismissal and an opportunity to show good cause for his failure to effect service on unknown Defendants.

## VI.

For the foregoing reasons, we hereby **AFFIRM** the District Court's dismissal of Reynosa's claims against Defendant Smith.  However, we **REVERSE** and **REMAND** the District Court's dismissal of claims against unknown Defendants John and Jane Doe, with directions to provide Reynosa with the proper notice and an opportunity to show good cause for his failure to identify and serve such Defendants.